DECISION AND JUDGMENT ENTRY
{¶ 1} This appeal is from the December 3, 2004 judgment of the Toledo Municipal Court, which sentenced appellant following his conviction of criminal trespass, a violation of Toledo Municipal Code Section 541.05. Upon consideration of the assignments of error, we affirm the decision of the lower court. Appellant, David Silvernail, asserts the following assignments of error on appeal:
 {¶ 2} "Assignment of Error No. 1. The trial court erred in denying appellant's motion to acquit at the close of the city's case.
 {¶ 3} "Assignment of Error No. 2. The trial court's conviction of appellant of the violation of T.M.C. Sec. 541.05 was against the manifest weight of the evidence."
 {¶ 4} The following evidence was presented in this case. Zaneta Williams testified that she did not give appellant permission to enter her home. She acknowledged that she had been renting the dinning room furniture from appellant's company. She had spoken with appellant the day before regarding her late payments on the furniture. She agreed to make a payment that day. However, she did not authorize him to pick it up, and she did not know that he intended to do so. She was at work when appellant came to retrieve the furniture.
 {¶ 5} Williams' daughter, Shila Gordon, a 13-year old, testified that appellant came to her home while her mother was at work. She told him that her mother was not home. He then asked if he could come in. She did not tell him that he could enter. He said that he was there about the dinning room set they had rented from his store as he stepped inside and gave her the papers. While she was looking at the papers, appellant looked at the dinning room set. Appellant requested that the children remove their personal belongings from the furniture and then loaded the furniture on his truck. During this time, a neighbor came to the house because appellant's truck was blocking her driveway. Gordon did not tell the neighbor that appellant had entered their home without permission. Gordon's brother provided appellant with a screwdriver and helped to remove some of the furniture.
 {¶ 6} In his defense, appellant testified that when he spoke to Williams, he told her that if she did not make a payment, he would come to her house to retrieve the furniture. Williams agreed to make a payment or that appellant could come out and take the furniture back. Appellant recalled that Williams said that someone would be at home to let him in. When he arrived at the home, a girl told him that he could go in and take the furniture and the boy opened the door for him. The kids helped him load the furniture. No one asked him to leave the premises.
 {¶ 7} On appeal, appellant argues that there was insufficient evidence to convict him and that his conviction was contrary to the manifest weight of the evidence.
 {¶ 8} The insufficient evidence challenge attacks whether there was evidence supporting each element of the crime. State v. Smith (1997),80 Ohio St.3d 89, certiorari denied (1998), 523 U.S. 1125. The standard for determining whether there is sufficient evidence to support a conviction is whether the evidence admitted at trial, "if believed, would convince the average mind of defendant's guilt beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. Therefore, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Id. In determining whether the evidence is sufficient to support the conviction, the appellate court does not weigh the evidence nor assess the credibility of the witnesses. State v.Willard (2001), 144 Ohio App.3d 767, 777-778
 {¶ 9} The manifest weight challenge attacks the jury's evaluation of the evidence. The standard for determining whether a conviction is against the manifest weight of the evidence is whether upon examination of the evidence it clearly appears the trier of fact "lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Thompkins (1997),78 Ohio St.3d 380, 386, superceded by constitutional amendment on other grounds as stated in State v. Smith, supra. In making this determination, the court reviews the entire record, weighs the evidence and all reasonable inferences therefrom, and considers the credibility of witnesses. Id.
 {¶ 10} Toledo Municipal Code Section 541.05(A)(1) states that "No person, without privilege to do so, shall * * * [k]nowingly enter or remain on the land or premises of another * * *." "`Privilege' means an immunity, license or right conferred by law, or bestowed by express or implied grant, or arising out of status, position, office or relationship, or growing out of necessity." Toledo Municipal Code Section501.01(l). Therefore, the city was required to prove beyond a reasonable doubt that appellant knowingly entered Zaneta Williams' home without her permission and without any privilege to do so.
 {¶ 11} Appellant asserts that the city failed to meet its burden of proof. Appellant argues that Williams never denied him permission to enter her home; that she told appellant that someone would be home to let him in the next day to retrieve the furniture; and that he had a privilege to enter because her children allowed him to enter.
 {¶ 12} With regard to a privilege arising from conversations with Williams, conflicting evidence was presented as to whether Williams told appellant that he could repossess the furniture. Furthermore, there was no legal requirement that Williams must have specifically told appellant that he was not permitted to enter her home. No one should expect to have a privilege to enter the home of another by intimidating the minor children who are home alone.
 {¶ 13} With respect to a privilege arising out of the interaction with Williams' children, the cases cited by appellant are not on point. This is not a case where a minor child invited another person into her home. Rather, the evidence presented by appellee indicates that appellant entered the premises by intimidating or overwhelming Williams' daughter. The daughter did not grant appellant permission to come in. The fact that the children neither attempted to evict appellant from the house nor complain to the neighbors does not establish that the children permitted him to enter.
 {¶ 14} Therefore, we find that appellee did present sufficient evidence that appellant entered the premises without a privilege, which required the court to submit the case to the jury. Furthermore, upon an examination of all the evidence presented, we find that the verdict was not contrary to the manifest weight of the evidence. Whether or not Williams agreed to the repossession of the furniture and told appellant that someone would be home to let him in the next day is a credibility issue that only the jury can decide. The fact that the jury did not believe appellant's testimony does not constitute a miscarriage of justice. Accordingly, appellant's two assignments of error are not well-taken.
 {¶ 15} Having found that the trial court did not commit error prejudicial to appellant and that substantial justice has been done, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Pietrykowski, J., Parish, J., Concur.