OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court, the parties' briefs and their oral arguments before this court. Appellant Richard Dotson appeals the decision of the Columbiana County Municipal Court, Northwest Division convicting him of one count of domestic violence in violation of 2919.25 (A), a misdemeanor of the first degree. With this appeal Dotson challenges the sufficiency of the evidence and also alleges prosecutorial misconduct. Because we conclude there was insufficient evidence to support his conviction of domestic violence, Dotson's second assignment of error is moot, the judgment of the trial court is reversed and Dotson's conviction is vacated.
 {¶ 2} On January 27, 2005, after allegedly being pushed and dragged down a hall by Dotson, Rory Aultenburg walked to the police station to file a domestic violence report. In response Roy Hartman, a Salem City police officer and a fellow officer were dispatched to the residence of Dotson, Aultenburg, his live-in girlfriend, and their two children. When the officer arrived at the home, he encountered two children who explained that their father had forced them out of the house and then locked them out. The officer testified that it was extremely cold. However, the children were wearing coats.
 {¶ 3} Both the children and the officers made numerous attempts at getting into the home. However, the door was locked and Dotson was not responding to their attempts. When Aultenburg returned to the home, the officers transported her and the two children to the police station where Aultenburg filed a domestic violence complaint against Dotson. A few weeks after the incident the officers returned to the residence to arrest Dotson.
 {¶ 4} Dotson was indicted on the charge of domestic violence and subsequently entered a plea of not guilty. Shortly thereafter, Aultenburg moved for and was granted a temporary protection order. The matter was then set for a bench trial which resulted in Dotson's conviction of domestic violence.
 {¶ 5} As his first assignment of error, Dotson alleges:
 {¶ 6} "The evidence presented by the State on the charge of domestic violence was insufficient as a matter of law."
 {¶ 7} "Sufficiency of the evidence" is "`a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law.'"State v. Thompkins (1997), 78 Ohio St.3d 380, 386, quoting Black's Law Dictionary (6th Ed. 1990) 1433. The relevant inquiry when determining whether the evidence is sufficient to support the verdict "is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus. "The verdict will not be disturbed unless the appellate court finds that reasonable minds could not reach the conclusion reached by the trier of facts." Id. at 273. Whether the evidence is legally sufficient is a question of law. Thompkins at 386.
 {¶ 8} After a bench trial was held in the present case, Dotson was convicted by the trial court of domestic violence under R.C. 2919.25(A), which provides in pertinent part:
 {¶ 9} "(A) No person shall knowingly cause or attempt to cause physical harm to a family or household member."
 {¶ 10} The first essential element of domestic violence under R.C. 2919.25(A) is that the offender knowingly caused or attempted to cause physical harm to the victim. R.C.2901.01(A)(3) defines "physical harm to persons" as "any injury, illness, or other physiological impairment, regardless of its gravity or duration."
 {¶ 11} In the present case, the only evidence regarding this element was offered by the State in the form of testimony given by Officer Roy Hartman who notably did not actually witness the offense, but rather took the written statement of Aultenberg. Hartman recounted Aultenberg's version of the events as follows:
 {¶ 12} "She stated she came home from work and they had an argument, her and Mr. Dotson has a verbal argument. He told her he wanted her to leave, and she refused. So, he, I believe pushed her, drug her out of the house, and then threatened the children to leave the house with a board. And once they were outside he locked the door behind them and refused to let them back in."
 {¶ 13} Although this behavior is troubling given the fact the children were there to witness it, we cannot say that Dotson is guilty of domestic violence under section R.C. 2919.25(A). There is no evidence that he caused or attempted to cause physical harm to either Aultenberg or their children. Pushing or pulling a person, without evidence of anything more, is simply not enough to justify a conviction for domestic violence under this particular section of the code.
 {¶ 14} For example, if Aultenberg and her children took the stand without recanting and gave a more detailed description on direct examination as to the nature of the pushing or dragging, there might have been evidence that Dotson's actions resulted in physical harm, i.e. scrapes, bruising or marks. In the same vein, there could have been testimony that Aultenburg was forcefully drug by a limb or by her hair or in some other violent manner. However, all we know is that Dotson drug her down the hall and as many a parent knows, a child can be "drug" to someplace they don't want to go without the action rising to the level of domestic violence. Likewise, a push could be nothing more than a nudge or it could be as violent as knocking someone across the room. Again, this court cannot assume the worst without hearing testimony that describes something worse.
 {¶ 15} We acknowledge Dotson's concerns that almost all of the State's witnesses recanted on the stand. Had Dotson raised a manifest weight claim, the fact that the little evidence against him was later refuted by three recanting witnesses would definitely come into play. However, we do not reach that argument as the State failed to meet its initial burden of proving beyond a reasonable doubt that Dotson caused or attempted to cause physical harm with his actions. Dotson's first assignment of error is meritorious.
 {¶ 16} As his second assignment of error, Dotson claims:
 {¶ 17} "The prosecutor committed misconduct when she offered evidence that the complainant sought a protection order against the defendant, a few weeks after the incident at issue."
 {¶ 18} In light of our resolution of Dotson's first assignment of error, we conclude this assignment of error to be moot. Accordingly, the judgment of the trial court is reversed, Dotson's conviction is vacated and Dotson is discharged.
Donofrio, P.J., concurs.
Waite, J., concurs in judgment only. See concurring in judgment only opinion.