DECISION AND JUDGMENT ENTRY
{¶ 1} Defendant-appellant, Joshua Deer, appeals the February 24, 2006 judgment of the Toledo Municipal Court, which sentenced him to 217 days in the Corrections Center of Northwest Ohio, following his conviction for domestic violence, resisting arrest, and disorderly conduct/intoxication. For the reasons that follow, we affirm the trial court's judgment. *Page 2 
 {¶ 2} Toledo Police Officer Dennis Cole arrested appellant after witnessing an apparent assault by appellant in the parking lot of Amigo's restaurant on January 5, 2006. The officer charged appellant with domestic violence, assault, obstructing official business, resisting arrest, criminal damaging, and two counts of disorderly conduct/intoxication. On February 24, 2006, following a bench trial, the trial court found appellant guilty of domestic violence, resisting arrest, and one count of disorderly conduct/intoxication. The trial court dismissed the assault charge at the state's request, and found appellant not guilty of obstructing official business, criminal damaging, and the other count of disorderly conduct/intoxication.
 {¶ 3} The following is a summary of the testimony in this case. The state presented one witness, Officer Cole. On January 5, 2006, Officer Cole responded to a report that a black male was beating a female in the Amigo's restaurant parking lot at Dorr and Flair Streets in Toledo. Upon arriving at the location, the officer learned from a police dispatcher that the suspect had left the scene. Officer Cole drove through the parking lot to investigate and an unidentified man flagged the police car down. Officer Cole testified that the man told him, "he's back and he's at the other end of the lot."
 {¶ 4} Officer Cole located the suspect in a dark colored car, parked near the area the unidentified witness had indicated. The car door was open, and appellant was on top of the victim, pushing her and holding her down. Appellant was screaming at the woman, and she was crying. Officer Cole approached appellant and ordered him to *Page 3 
release the woman. Appellant refused. Officer Cole used his taser on appellant, and appellant released the victim. Appellant then turned to Officer Cole, who was in uniform and clearly identifiable as a police officer, raised his hands in a fighting stance and challenged the officer by saying, "Is that all you have?"
 {¶ 5} Officer Cole attempted to use the taser again, but it was ineffective. The officer then told appellant he was under arrest. Another officer had arrived, and together, the two officers handcuffed appellant with difficulty. Appellant struggled, pushed, and cursed the officers. Officer Cole noted that appellant smelled of alcohol, and behaved as if he were under the influence of alcohol or drugs.
 {¶ 6} Officer Cole then questioned the victim. She was a reluctant witness, refusing to press charges. She told Officer Cole that she and appellant had drinks in the bar, appellant discovered she had called another man on her cell phone, and appellant became angry, first breaking her cell phone, and then attacking her. Officer Cole testified that the victim said appellant did not live with her. Appellant, on the other hand, told the officer that he and the victim did live together. The officers decided to file charges on behalf of the victim, finding she was too afraid to file charges herself.
 {¶ 7} Before taking appellant to jail, the officers took him to the emergency room for evaluation, according to police procedure following use of a taser on a suspect. Appellant refused treatment at the first hospital, so the officers took him to a second hospital. In checking appellant in at each hospital, the officers noted on appellant's *Page 4 
driver's license that he shared the same address as the victim. Officer Cole testified that the license confirmed appellant's statement that he lived with the victim. The state did not introduce appellant's driver's license into evidence, and appellant's counsel failed to object to the testimony regarding appellant's address as hearsay.
 {¶ 8} At the second hospital, appellant again refused treatment. He also screamed, yelled, and verbally abused the officers. When the officers attempted to seat appellant, he resisted their efforts and the officers had to pick him up and drag him to a chair. Appellant's conduct alarmed other patients in the waiting room, and they moved away from appellant. Appellant appeared intoxicated, and slurred his speech.
 {¶ 9} After the trial court denied appellant's motion for acquittal, the victim testified on appellant's behalf. Some of the victim's testimony conflicted with Officer Cole's, but other testimony was consistent. The victim testified that she and appellant were just good friends, and that they had never lived together. She did confirm, though, that appellant questioned her about the phone call to another man, which she characterized as a friendly conversation, and broke her cell phone, which she characterized as an accident. She also testified that appellant was on her in the car, but that they were only playing around. The victim admitted, however, that a passerby in the parking lot witnessed the playing around and told appellant he would call the police.
 {¶ 10} After finding appellant guilty, the trial court sentenced him to 180 days for the domestic violence conviction, 30 days for the resisting arrest conviction, and seven *Page 5 
days for the disorderly conduct/intoxication conviction, and ordered the sentences to run consecutively. Appellant challenges the trial court's judgment through the following assignments of error:
 {¶ 11} "1. Whether the trial court erred in finding the defendant guilty of domestic violence, resisting arrest, and disorderly conduct based on the insufficient evidence presented to the court by the State of Ohio.
 {¶ 12} "2. Whether the trial court erred when it denied the defendant's Rule 29 motion.
 {¶ 13} "3. Whether the verdict was against the manifest weight of the evidence.
 {¶ 14} "4. Whether the trial court erred when relying on hearsay evidence to support a verdict of guilty.
 {¶ 15} "5. Whether the Toledo Municipal Code § 509.03 is unconstitutional.
 {¶ 16} "6. Whether the defendant was denied a fair trial based on ineffective assistance of counsel."
 {¶ 17} We will first address the fourth assignment of error. Appellant contends that the trial court relied on inadmissible hearsay evidence to support a guilty verdict on the domestic violence charge. Specifically, appellant claims the trial court erroneously relied on Officer Cole's testimony regarding the unidentified witness's statement in the parking lot and regarding the contents of appellant's driver's license. At the trial below, appellant failed to object to the testimony that he now challenges on appeal. It is well-settled that *Page 6 
"[f]ailure to either object or move to strike evidence at trial on the basis of hearsay * * * waives any challenge on appeal, save plain error." Michigan Millers Mut. Ins. Co. v. Christian,153 Ohio App.3d 299, 2003-Ohio-2455, ¶ 32 (Citations omitted.) An alleged error does not constitute plain error pursuant to Crim.R. 52(B) "* * * unless, but for the error, the outcome of the trial clearly would have been otherwise."State v. Long (1978), 53 Ohio St.2d 91, paragraph two of the syllabus.
 {¶ 18} First, appellant claims that Officer Cole's testimony regarding the man in the parking lot was prejudicial, hearsay evidence. The officer testified that the unidentified man told him, "he's back and he's at the other end of the lot." Appellant claims the trial court relied on this statement to find the officer had probable cause for the arrest.
 {¶ 19} "`Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Evid. R. 801(C). The state did not offer the testimony to prove the truth of the declarant's statement. Instead, the state offered the testimony to explain Officer Cole's investigation in the parking lot. Such testimony is not hearsay.State v. Thomas (1980), 61 Ohio St.2d 223, 232 ("It is well established that extrajudicial statements made by an out-of-court declarant are properly admissible to explain the actions of a witness to whom the statement was directed.") *Page 7 
 {¶ 20} Second, appellant claims the testimony regarding the contents of his driver's license was hearsay. It is clear that the officer's testimony in this instance was hearsay, since the statement was made by someone other than the officer (in this case, the driver's license), and the state introduced the contents of the driver's license to prove the truth of the matter asserted, i.e. appellant's address. Evid. R. 801(C). Hearsay testimony may be admissible if it falls within an exception to the exclusionary rule, however.
 {¶ 21} The state claims no exception is necessary in this case, as the state established appellant's family relationship with the victim through appellant's own admission. Officer Cole testified that appellant said he and the victim lived together. This testimony was not hearsay, since it was an admission of a party opponent. Evid. R. 801(D)(2). Therefore, we do not need to determine if the contents of the driver's license were admissible under a hearsay exception. The state established a family relationship through appellant's own admission, which provided the same information contained in the hearsay statement. Any error in allowing the hearsay was harmless error. See State v. Byrd, 8th Dist. No. 82145, 2003-Ohio-3958, ¶ 39 (where admissible testimony mirrors the hearsay, the error was harmless since it could not have changed the outcome of the trial). We therefore cannot say that the trial court committed plain error by relying on the evidence at issue and appellant's fourth assignment of error is not well-taken.
 {¶ 22} We next address appellant's first three assignments of error. In his first assignment of error, appellant contends the state had insufficient evidence to support a *Page 8 
conviction for domestic violence, resisting arrest, and disorderly conduct. A sufficiency of the evidence challenge asserts the prosecution did not establish, through the evidence, each element of the crime in support of the verdict. State v. Smith (1997), 80 Ohio St.3d 89, 113, citing State v. Thompkins (1997), 78 Ohio St.3d 380, 386. "In essence, sufficiency is a test of adequacy." Thompkins at 386, superseded by constitutional amendment on other grounds as stated in State v.Smith, supra. The standard to apply in such a challenge is whether "any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Toledo v. Silvernail, 6th Dist. No. L-05-1003, 2005-Ohio-5570, ¶ 8, quoting State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus, superseded by constitutional amendment on other grounds as stated in State v.Smith, supra.
 {¶ 23} In his second assignment of error, appellant challenges the trial court's denial of his motion for acquittal. Pursuant to Crim. R. 29(A), a court shall grant a motion for acquittal "if the evidence is insufficient to sustain a conviction of [the offenses.]" Therefore, we consider this assignment of error along with appellant's first assignment of error, based on sufficiency of the evidence.
 {¶ 24} Appellant's third assignment of error challenges the manifest weight of the evidence. While sufficiency of the evidence and manifest weight of the evidence are not "synonymous legal concepts," both standards begin with an examination of the evidence presented.Thompkins at 386. Where sufficiency is a question of law, however, the *Page 9 
weight of the evidence is about credibility and "its effect in inducing belief" Id. at 386387. In this case, the trial court assumed the role of the jury. Accordingly, to reverse based on a manifest weight of the evidence challenge, we must find "that the court clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed and a new trial ordered." State v. Hayes, 6th Dist. Nos. L-03-1221, L-03-1222, 2004-Ohio-6460, ¶ 18, citingThompkins at 387. We will address appellant's first three assignments of error together.
 {¶ 25} For each charge, we must determine whether the evidence, viewed most favorably for the state, was sufficient to prove each element of the charged crimes beyond a reasonable doubt. Silvernail, ¶ 8, citingJenks. We must also consider the credibility of the witnesses, reviewing the record and weighing "the evidence and all reasonable inferences therefrom[.]" Silvernail, ¶ 9, citing Thompkins at 386. The grant of a new trial is appropriate "only in exceptional cases where the evidence weighs heavily against the conviction." State v. Herrera, 6th Dist. No. OT-05-039, 2006-Ohio-3053, ¶ 79 (Citation omitted.) The trial court convicted appellant of three separate offenses: domestic violence, resisting arrest, and disorderly conduct/intoxication.
 {¶ 26} First, the court found appellant guilty of domestic violence, in violation of Toledo Municipal Code 537.19, which provides "(a) No person shall knowingly cause or attempt to cause physical harm to a family or household member. * * * (c) No person, by *Page 10 
threat of force, shall knowingly cause a family or household member to believe that the offender will cause imminent physical harm to the family or household member."
 {¶ 27} "Family or household member" is defined pursuant to the language of R.C. 2919.25, which includes "a spouse, a person living as a spouse, or a former spouse of the offender." R.C. 2919.25(F)(1)(a)(i). A "person living as a spouse" is a person who is cohabitating, or who has cohabitated with the offender within five years preceding the offense. R.C. 2919.25(F)(2).
 {¶ 28} The state presented evidence to support each element of domestic violence. Officer Cole observed the incident. Furthermore, Officer Cole observed the victim immediately following the incident, and found her fearful of appellant. While appellant caused no visible injury to the victim, he only needed to cause the victim to believe she was in imminent physical danger from appellant. See R.C. 2919.25(C); Toledo Municipal Code 537.19(c). Appellant also told the officers that the victim lived with him.
 {¶ 29} Appellant argues that merely pushing the victim is not enough to support a domestic violence charge. See State v. Dotson, 7th Dist. No. 05 CO 28, 2006-Ohio-1093, ¶ 13 ("Pushing or pulling a person, without evidence of anything more, is simply not enough to justify a conviction for domestic violence * * *"). In the present case, there is evidence of more. Appellant broke the victim's phone, and questioned her about a phone call she made to another man. Appellant's conduct also caused a passerby to tell *Page 11 
appellant he would call the police. The state presented sufficient evidence to establish the elements of domestic violence.
 {¶ 30} Moreover, in weighing the testimony of the officer and the victim, the trial court found the officer to be more credible. While the victim presented some conflicting testimony, much of her testimony matched that of Officer Cole. While the victim said appellant did not live with her, appellant's own statement contradicted this assertion. Accordingly, we cannot say the trial court lost its way. Appellant's first, second, and third assignments of error regarding the domestic violence charge are not well taken.
 {¶ 31} The court further found appellant guilty of resisting arrest, in violation of Toledo Municipal Code 525.09(C), which provides that "[n]o person, recklessly or by force, shall resist or interfere with a lawful arrest of himself or another." To establish the elements of this offense, the state first must show the arrest was lawful. City ofBedford v. Gooch (June 2, 1994), 8th Dist. No. 65320. (Citations omitted.) To do so, "the state must prove not only that there was a reasonable basis to believe an offense was committed, but also that the offense was one for which the defendant could be lawfully arrested."State v. Kuehne (Mar. 6, 1996), 1st Dist. No. C-940971.
 {¶ 32} Based on the facts of this case, Officer Cole had a reasonable basis to believe appellant was assaulting the victim. A witness called police to report a man beating a woman in the parking lot, and Officer Cole observed appellant on top of the victim, holding her down and yelling in a threatening manner. When ordered to release *Page 12 
the victim, appellant refused. The officer also testified that the victim appeared frightened of appellant. Officer Cole had a reasonable basis to arrest appellant.
 {¶ 33} The state must also show that appellant knew he was under arrest before resisting. Arrest involves four elements: "(1) [a]n intent to arrest, (2) under a real or pretended authority, (3) accompanied by an actual or constructive seizure or detention of the person, * * * (4) which is so understood by the person arrested." State v. Carroll,162 Ohio App. 3d 672, 2005-Ohio-4048, ¶ 8, quoting State v. Darrah (1980),64 Ohio St. 2d 22, 26, quoting State v. Terry (1966),5 Ohio App. 2d 122, 128. Officer Cole told appellant he was under arrest, after the second taser attempt and before appellant struggled and fought with the officers. The state presented sufficient evidence to support this charge.
 {¶ 34} The weight of the evidence also supports the verdict. The trial court found Officer Cole's testimony credible, and appellant offered little evidence to contradict that testimony. Furthermore, the officers were in uniform and attempting to handcuff appellant while he struggled and pushed. The trial court could find appellant resisted arrest beyond a reasonable doubt based on the evidence presented. Appellant's first, second, and third assignments of error regarding the charge of resisting arrest are not well taken.
 {¶ 35} Finally, the court found appellant guilty of one count of disorderly conduct/intoxication. Toledo Municipal Code 509.03(B)(1) provides that "[n]o person, *Page 13 
while voluntarily intoxicated, shall do either of the following: in a public place or in the presence of two or more persons, engage in conduct likely to be offensive or to cause inconvenience, annoyance, or alarm to persons of ordinary sensibilities, which conduct the offender, if the offender were not intoxicated, should know is likely to have that effect on others."
 {¶ 36} Toledo Municipal Code 509.03(B)(1) is identical to R.C.2917.11(B)(1), requiring offensive conduct in addition to public intoxication. R.C. 2917.11(B)(1) proscribes conduct "likely to be offensive or to cause inconvenience, annoyance, or alarm to persons of ordinary sensibilities, which conduct the offender, if the offender were not intoxicated, should know is likely to have that effect on others." Here, the state presented evidence of offensive conduct and intoxication, which was sufficient to support the elements of the offense charged.
 {¶ 37} The weight of the evidence also supported the verdict. According to Officer Cole's testimony, appellant continuously screamed, yelled, and verbally abused the officers while waiting in the hospital waiting room. Appellant also fought the officers' efforts to take him for medical evaluation, forcing them to drag him to a seat while he continued to scream and curse. Even though appellant was in handcuffs, Officer Cole testified that about four other people in the waiting room moved from their seats out of fear of appellant. There was also testimony from both the officer and the victim that appellant had been drinking, and the officer testified that appellant smelled of intoxicants *Page 14 
and behaved in an intoxicated manner. The evidence presented was sufficient, and the guilty verdict was not against the manifest weight of the evidence. Consequently, appellant's first, second, and third assignments of error regarding the charge of disorderly conduct/intoxication are not well taken.
 {¶ 38} Appellant's fifth assignment of error challenges Toledo's disorderly conduct law as facially unconstitutional, claiming it is overly broad and vague, and violates the free speech protections of the First Amendment. Appellant claims that the law does not narrowly target only fighting words, which is unprotected speech, but prohibits protected speech, too. As noted above, the language of Toledo Municipal Code 509.03(B)(1) is identical to R.C. 2917.11(B)(1), and makes no mention of speech. Instead, the law proscribes offensive conduct, in combination with intoxication.
 {¶ 39} The state presented evidence regarding appellant's conduct and intoxication. The state presented no evidence regarding the content of appellant's speech, beyond the assertion that appellant cursed at the officers. In this case, appellant's conduct supported conviction for the offense. Appellant was loud, combative, and his conduct caused others to move away in alarm. See Fairborn v. Semler (1993), 90 Ohio App.3d 369,371 ("The noise and commotion [the defendant] created were likely to cause annoyance or alarm to persons of ordinary sensibilities" even had he been shouting "the words [to] `Mary Had a Little Lamb'"). Appellant's challenge to the Toledo ordinance, *Page 15 
based on free speech protections, is unfounded and the fifth assignment of error is not well-taken.
 {¶ 40} In appellant's sixth and final assignment of error, he challenges the verdicts based on ineffective assistance of counsel at trial. Specifically, appellant claims his trial attorney was ineffective by failing to request a jury trial, failing to assert the unconstitutionality of the Toledo disorderly conduct/intoxication ordinance, and failing to object to hearsay evidence.
 {¶ 41} The standard for determining whether a trial attorney was ineffective requires appellant to show: 1) that the trial attorney made errors so egregious that the trial attorney was not functioning as the "counsel" guaranteed appellant under the Sixth Amendment, and 2) that the deficient performance prejudiced appellant's defense. Strickland v.Washington (1984), 466 U.S. 668, 686-687, 104 S.Ct. 2052,80 L.Ed.2d 674. In essence, appellant must show that the proceeding, due to his attorney's ineffectiveness, was so demonstrably unfair that there is a reasonable probability that the result would have been different absent his attorney's deficient performance. Id. at 693. Furthermore, a court must be "highly deferential" and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" in reviewing a claim of ineffective assistance of counsel.Id. at 689. A properly licensed attorney in Ohio is presumed to execute his or her duties in an ethical and competent manner. State v.Hamblin (1988), 37 Ohio St.3d 153, 155-156. Debatable strategic and *Page 16 
tactical decisions may not form the basis of a claim for ineffective assistance of counsel. State v. Phillips (1995), 74 Ohio St.3d 72, 85. Even if the wisdom of an approach is debatable, "debatable trial tactics" do not constitute ineffective assistance of counsel.Id Finally, reviewing courts must not use hindsight to second-guess trial strategy, and must bear in mind that different trial counsel will often defend the same case in different manners. Strickland, supra at 689; State v. Keenan (1998), 81 Ohio St.3d 133, 152.
 {¶ 42} First, appellant contends that, had the case been tried to a jury, the result would have been acquittal. Appellant does not offer reasons to support this conclusion. More than supposition is necessary to support a claim of ineffective assistance of counsel. State v.Guidugli, 157 Ohio App.3d 383, 2004-Ohio-2871 ¶ 22. Since appellant has not shown there was a reasonable probability a jury trial would have produced a different result, we do not find trial counsel was ineffective for failing to request a jury trial. The state presented sufficient evidence and proved the elements of the offenses beyond a reasonable doubt for each of the guilty verdicts. Moreover, the trial judge, in considering the evidence and applying the law, found appellant not guilty on some of the charges.
 {¶ 43} Next, appellant claims his trial counsel was ineffective for failing to assert a constitutional challenge to the Toledo disorderly conduct/intoxication ordinance. As discussed previously, the constitutional challenge, based on free speech protections, is unfounded. The law proscribes conduct, and not speech. Had trial counsel challenged the law at trial, the challenge would have still been unfounded, and of no effect. *Page 17 
 {¶ 44} Finally, appellant claims the trial court relied on inadmissible hearsay evidence in order to find him guilty of the domestic violence charge, and his trial counsel was ineffective by failing to object to the testimony. As discussed previously, there was non-hearsay evidence to support the guilty verdict for domestic violence. Accordingly, the result would not have been different had counsel objected at trial. Appellant's sixth assignment of error is not well-taken.
 {¶ 45} On consideration whereof, the judgment of the Toledo Municipal Court is affirmed. Appellant is ordered to pay costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J.
William J. Skow, J.
 CONCUR. *Page 1