The STATE of Ohio, Appellee,

v.

WILLIAMS, Appellant.

[Cite as *State v. Williams* (1992), 84 Ohio App.3d 129.]

Court of Appeals of Ohio,
Clermont County.

Nos. CA92–04–043, CA92–04–044.

Decided Nov. 30, 1992.

130

*Donald W. White,* Clermont County Prosecuting Attorney, and *David Henry Hoffmann,* Assistant Prosecuting Attorney, for appellee.

*R. Daniel Hannon,* Clermont County Public Defender, and *Gary A. Rosenhoffer,* Assistant Public Defender, for appellant.

---

JONES, Presiding Judge.

Plaintiff-appellant, Norman Williams, appeals his convictions for resisting arrest and operating a motor vehicle without a license.

On March 12, 1992, a Clermont County Deputy Sheriff responded to a call of a "suspicious vehicle" at the intersection of Lindale–Mt. Holly Road and Berry Road. The deputy found an automobile parked on private property with appellant and another individual, identified as appellant's brother, asleep in the back seat. Appellant claimed he and his brother had been "dropped off" at the location by some other individuals and that they were sleeping there because they had no place to stay. The deputy ran a computer check on the two individuals and discovered that neither appellant nor his brother had a valid license.

The deputy informed the two that the vehicle would have to be moved and advised them that someone else would have to drive, since neither of them could legally operate the vehicle. Appellant and his brother said they would walk to a nearby trailer park where relatives lived and would have a relative return for the vehicle. As appellant and his brother walked away, the deputy left the scene to report to the individual who made the initial complaint. Upon returning to the scene, the deputy observed appellant operating the vehicle eastbound on Berry

Road. The deputy pursued appellant, who pulled into a driveway, exited the vehicle, and ran into a wooded area where he was apprehended following a short chase.

Appellant was found guilty following a bench trial in Clermont County Municipal Court. Appellant received a suspended sentence and was placed on probation. On appeal, appellant submits the following assignments of error for review:

Assignment of Error No. 1:

"The verdict or verdicts of guilty with relation to a violation of R.C. 4507.02 are against the manifest weight of the evidence."

Assignment of Error No. 2:

"The verdict of guilty as to resisting arrest is both against the manifest weight of the evidence and contrary to the law."

Assignment of Error No. 3:

"The appellant was denied the assistance of counsel when he was initially tried by the court without the presence of assigned counsel."

In his first assignment of error, appellant submits that his conviction for operating a motor vehicle without a license is against the manifest weight of the evidence. According to appellant, the trial court improperly admitted hearsay evidence when it permitted the arresting officer to testify that information on a computer printout, as relayed to the officer by a dispatcher, indicated that appellant had no license.

Appellant was convicted of violating R.C. 4507.02, which provides that no person shall operate a motor vehicle unless that person has a valid driver's license. The arresting officer testified that he caused a computer check to be run on appellant and his brother, the results of which revealed that neither was permitted to operate the vehicle. In appellant's case, the complete lack of a license rendered him incapable of driving legally.

In *State v. Sims* (1983), 10 Ohio App.3d 56, 10 OBR 65, 460 N.E.2d 672, an appellate court rejected the admission of a computer printout that showed the license plates on the vehicle in which the defendant was apprehended were stolen. The court found that the computer-generated report was not competent and " * * * not reliable and trustworthy proof that an object has been stolen." *Id.* at 58, 10 OBR at 68, 460 N.E.2d at 675.

In the case at bar, the computer results were not the only evidence that appellant could not legally operate the vehicle. Once the arresting officer obtained this information, he informed appellant that the vehicle would have to be

moved and that appellant could be arrested if he operated the vehicle. Specifically, the officer testified as follows:

"Q. Did you run some computer inquiry into the driving status of the two individuals you found in the car?

"A. Yes, I did.

"Q. And what did you determine as a result of that inquiry?

"A. The inquiry came back—

"MR. ROSENHOFFER: Objection, it's not relevant.

"THE COURT: Overruled.

"A. The inquiry came back that this gentleman here did not have a license and his brother did not have a valid operator's license.

"Q. Did you have any conversation with these two about whether, in particular with the defendant, about whether he realized, whether he had a driver's license or not?

"A. Yes, I did.

"MR. ROSENHOFFER: Objection, corpus delicti.

"THE COURT: Overruled.

"A. Yes, I did.

"Q. What did you talk to him about?

"A. I was explaining to him about making arrangements for getting the vehicle off the property and I explained to him since he did not have a valid driver's license, neither him nor his brother, that they would have to make arrangements with some other party about getting the vehicle off the vacant property. They explained that they had relatives that lived at Forest Creek Mobile Home Park on Berry Road, approximately two-and-a-half miles on Berry Road, and that they would walk and get somebody to make arrangements for getting the vehicle off the vacant property. At that point the two gentlemen started walking down the gravel lane, out to Berry Road."

Appellant neither challenged the officer's assertion that he was without a license nor otherwise argued that he was entitled to operate the vehicle. In fact, appellant indicated he would walk to a nearby trailer park to have a relative move the vehicle. Thus, unlike *Sims,* the computer results were not the sole source of evidence that appellant could not operate the vehicle.

█ In determining whether the weight of the evidence supports a criminal conviction, an appellate court will examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of

the defendant's guilt beyond a reasonable doubt. *State v. Jenks* (1991), 61 Ohio St.3d 259, 273, 574 N.E.2d 492, 503. Where the evidence admitted would convince the average mind of the defendant's guilt beyond a reasonable doubt, the conviction is not against the weight of the evidence. *Id.*

We find that there was sufficient evidence to show that appellant knew and accepted the arresting officer's statement that appellant could not legally operate the motor vehicle. Accordingly, the evidence is sufficient to convince the average mind that appellant operated a motor vehicle without a license. The first assignment of error is therefore overruled.

■ In his second assignment of error, appellant claims his conviction for resisting arrest is also against the manifest weight of the evidence. Appellant was convicted of violating R.C. 2921.33(A), which provides that: "No person * * * shall resist or interfere with a lawful arrest of himself * * *." Appellant takes the position that there was no reasonable basis for his arrest and that any resistance on his part was, at best, "passive."

The record reveals that after appellant stopped the vehicle, he immediately alighted and fled into a nearby wooded area, ignoring the deputy's commands to stop. Even after he stopped fleeing, appellant failed to follow the deputy's instructions to place his hands on his head and walk backwards to the deputy.

■ An accused's avoidance of apprehension constitutes resisting arrest. See *State v. Magnuson* (1981), 2 Ohio App.3d 21, 23, 2 OBR 23, 24–25, 440 N.E.2d 581, 583. Applying the *Jenks* standard, we find that the evidence admitted at trial, if believed, would convince the average mind of appellant's guilt beyond a reasonable doubt. The resisting arrest conviction is not against the weight of the evidence and appellant's second assignment of error is overruled.

■ The final assignment of error raises a claim of ineffective assistance of counsel. At his arraignment, appellant pleaded not guilty and obtained appointed counsel and a trial date. On the scheduled trial date, counsel did not appear when appellant's case was called, whereupon appellant waived counsel, proceeded to trial, and was found guilty. Counsel subsequently appeared and moved that appellant be discharged. The court denied counsel's motion but granted a subsequent motion for a new trial. Following the retrial, the court found appellant guilty as charged.

■ A defendant is denied his right to the effective assistance of counsel when trial is allowed to proceed without defendant's counsel's presence. *State v. Emory* (1983), 12 Ohio App.3d 41, 12 OBR 127, 465 N.E.2d 920. Under such circumstances, a motion for a mistrial should be granted. *Id.* In *Emory*, however, counsel was appointed immediately before trial and had no opportunity

to investigate the circumstances of the offense or prepare an adequate defense. In addition, the trial proceeded for a period of time without counsel being present, causing counsel to miss the direct examination of a witness.

In the case at bar, counsel was appointed well before trial and there is no claim of inadequate trial preparation. Furthermore, any denial of the assistance of counsel that occurred as a result of appellant's initial trial was remedied when appellant was granted a new trial and counsel was present throughout the subsequent proceeding and heard the state's entire case. Under these circumstances, we find that appellant was not denied the effective assistance of counsel. Appellant's third assignment of error is overruled.

*Judgment affirmed.*

WILLIAM W. YOUNG, J., concurs.

KOEHLER, J., concurs in part and dissents in part.

KOEHLER, Judge, concurring in part and dissenting in part.

I concur in the majority's disposition of the second and third assignments of error; however, the majority's affirmation of appellant's conviction for driving without a license requires my dissent for the reasons which follow.

The majority, in its rush to affirm appellant's conviction for driving without a license, has stopped short of explicitly finding that the trial court improperly admitted hearsay testimony of the arresting officer. The trial court, over objections of defense counsel, permitted the officer to testify that a computer printout, as relayed to him by a dispatcher, indicated that appellant had no driver's license.

Clearly, the authority cited by the majority compels a finding that such testimony was not competent, was not reliable, and was not trustworthy proof of the fact to be proven. See *State v. Sims* (1983), 10 Ohio App.3d 56, 10 OBR 65, 460 N.E.2d 672. The prosecution had other proper avenues to establish the status of appellant's driving privileges which it failed to pursue. The evidence improperly admitted was prejudicial and, in this cause, was reversible error.

Further, the trial court, over objections by defense counsel, permitted the officer to testify that he advised appellant that appellant did not have a valid driver's license. Counsel moved to strike the testimony given by the officer, which was based upon information received from the computer printout. The court overruled the motion to strike.

At this juncture, the state failed to establish appellant's lack of driving privileges. Only the officer's statement to appellant that "he did not have a valid

driver's license" was before the court. The trial court erroneously overruled appellant's Crim.R. 29 motion.

The majority then, with nothing more than the officer's allegation relative to appellant's lack of driving privileges, proceeds to postulate a principle of law for which there is no precedent as authority. The majority finds that appellant had an affirmative duty to challenge the officer's statement and to argue his entitlement to operate the vehicle.

In its effort to find "some" evidence to support the trial court, the majority states, "[w]e find that there was sufficient evidence to show that appellant knew and accepted the arresting officer's statement that appellant could not legally operate the motor vehicle." The majority equates appellant's lack of response to the officer's statement to an admission of guilt. Silence cannot be inferred to constitute an admission of guilt and, in the absence of other proof, provides no basis for affirmation of the conviction.

The trial court erred in admitting hearsay testimony. Appellant's silence could not be considered as "some" evidence of guilt. The state failed in its burden of presenting proof beyond a reasonable doubt. Accordingly, appellant's conviction for driving without a license should be reversed, the judgment vacated, and appellant discharged thereof.