[Cite as *State v. Burns*, 2013-Ohio-4498.]

COURT OF APPEALS
COSHOCTON COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| | : | |
| -vs- | : | |
| | : | |
| JOSEPH BURNS | : | Case No. 2013CA0005 |
| | : | |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Coshocton
                             Municipal Court, Case No.
                             CRB1200471

JUDGMENT:                    Affirmed

DATE OF JUDGMENT:            October 9, 2013

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

COSHOCTON POLICE PROSECUTOR               JEFFREY G. KELLOGG
                                          Assistant Public Defender,
BY: JAMES R. SKELTON                      Coshocton County
760 Chestnut Street                       239 North Fourth Street
Coshocton, OH 43812                       Coshocton, OH 43812

*Baldwin, J.*

{¶1}    Defendant-appellant Joseph Burns appeals his conviction and sentence from the Coshocton Municipal Court on one count of resisting arrest. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2}    On September 24, 2012, the Coshocton County Grand Jury indicted appellant on one count of resisting arrest in violation of R.C. 2921.33(A), a misdemeanor of the first degree.  At his arraignment on October 18, 2012, appellant entered a plea of not guilty to the charge.

{¶3}    A bench trial was held on February 6, 2013. At the trial, Deputy Brian Noe testified that on August 21, 2012, he was called to an address in response to a domestic dispute along with other officers. The victim, Destiny Weekley, indicated that there had been an altercation inside the residence and that appellant had hit her in the eye. Weekley had swelling on her left eye.   After speaking with Weekley, Deputy Noe and Sergeant Charlie George decided that appellant should be arrested for domestic violence and began walking towards appellant. Sergeant George was first and Deputy Noe was behind him.  A third officer, Deputy Seth Andrews, was beside appellant. Deputy Noe testified that as soon as appellant saw Sergeant George, appellant took off running and that Deputy Andrews told appellant to stop. After Deputy Andrews was able to detain appellant, Deputy Noe arrested him.

{¶4}    On cross-examination, Deputy Noe testified that they were about two feet away from appellant when he took off as they approached him. He further testified that

he heard Sergeant George tell appellant that he was going to be arrested before appellant took off running.

{¶5} Deputy Seth Andrews testified that as Sergeant George approached appellant, he heard Sergeant George tell appellant to "Put your hands behind your back. You're under arrest." Transcript at 14. He further testified that when he went to grab appellant's arm to place him under arrest, appellant bolted and took off running. Deputy Andrews testified that he pursued appellant and that, while doing so, he was telling appellant to stop running because he was under arrest.

{¶6} At the conclusion of the trial, the trial court found appellant guilty of resisting arrest. Pursuant to a Judgment Entry filed on February 6, 2013, appellant was sentenced to thirty (30) days in jail and fined $250.00.

{¶7} Appellant now raises the following assignment of error on appeal:

{¶8} THE TRIAL COURT ERRED BECAUSE THERE WAS INSUFFICIENT EVIDENCE TO SUPPORT A CONVICTION.

I

{¶9} Appellant, in his sole assignment of error, argues that his conviction for resisting arrest is not supported by sufficient evidence. We disagree.

{¶10} The standard of review for a challenge to the sufficiency of the evidence is set forth in *State v. Jenks,* 61 Ohio St.3d 259, 574 N.E.2d 492 (1991) at paragraph two of the syllabus, in which the Ohio Supreme Court held, "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt.

The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."

{¶11} Appellant specifically contends that his conviction for resisting arrest is not supported by sufficient evidence because he fled prior to being arrested. The elements for resisting arrest are set forth in R.C. 2921.33, which provides, in pertinent part, as follows: "(A) No person, recklessly or by force, shall resist or interfere with a lawful arrest of the person or another." The state must show that appellant knew he was under arrest before resisting. *State v. Deer,* 6th Dist. Lucas No. L–06–1086, 2007–Ohio–1866 (April 20, 2007). Arrest involves four elements: "(1) [a]n intent to arrest, (2) under a real or pretended authority, (3) accompanied by an actual or constructive seizure or detention of the person, * * * (4) which is so understood by the person arrested." *State v. Carroll,* 162 Ohio App.3d 672, 2005-Ohio-4048, ¶ 8 (1st Dist.), quoting *State v. Darrah*, 64 Ohio St.2d 22, 26 (1980), quoting *State v. Terry*, 5 Ohio App.2d 122, 128 (1966). Moreover, an accused's avoidance of apprehension constitutes resisting arrest. *State v. Williams*, 84 Ohio App.3d 129, 133, 616 N.E.2d 540 (12th Dist. 1992).

{¶12} In the case sub judice, Deputy Andrews testified that he heard Sergeant George tell appellant "Put your hands behind your back. You're under arrest" before appellant fled. Transcript at 14. Deputy Noe testified on cross-examination that he heard Sergeant George tell appellant that he was going to be arrested while the Sergeant was walking up a sidewalk towards appellant. At the time, the Sergeant was two or three feet away from appellant. Based on the foregoing, we concur with appellee that there was evidence that appellant knew that he was under arrest prior to fleeing. We find that

appellant's conviction is not against the sufficiency of the evidence because, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime of resisting arrest proven beyond a reasonable doubt.

{¶13}    Appellant's sole assignment of error is, therefore, overruled.

{¶14}    Accordingly, the judgment of the Coshocton Municipal Court is affirmed.

By: Baldwin, J.

Gwin, P J. and

Wise, J. concur.

_____
 HON. CRAIG R. BALDWIN

_____
 HON. W. SCOTT GWIN

_____
 HON. JOHN W. WISE

CRB/dr

[Cite as *State v. Burns*, 2013-Ohio-4498.]

IN THE COURT OF APPEALS FOR COSHOCTON COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff - Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| JOSEPH BURNS | : | |
| | : | |
| Defendant - Appellant | : | CASE NO. 2013CA0005 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Coshocton County Municipal Court is affirmed. Costs assessed to appellant.


_____
HON. CRAIG R. BALDWIN


_____
HON. W. SCOTT GWIN


_____
HON. JOHN W. WISE