[Cite as *State v. Greenlee*, 2021-Ohio-455.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | |
|---|---|
| STATE OF OHIO | : |
| | : |
| Plaintiff-Appellee | :     Appellate Case No. 28756 |
| | : |
| v. | :     Trial Court Case No. 2019-CRB-1486 |
| | : |
| KIEL T. GREENLEE | :     (Criminal Appeal from |
| | :     Municipal Court) |
| Defendant-Appellant | : |
| | : |

. . . . . . . . . . .

O P I N I O N

Rendered on the 19th day of February, 2021.

. . . . . . . . . . .

JOHN D. EVERETT, Atty. Reg. No. 0069911, City of Kettering Prosecutor's Office, 2325
Wilmington Pike, Kettering, Ohio 45420
    Attorney for Plaintiff-Appellee

BRIAN BRENNAMAN, Atty. Reg. No. 0088988, 1616 Turner Road, Xenia, Ohio 45385
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.

{¶ 1} Kiel T. Greenlee appeals from his convictions for resisting arrest and obstructing official business, arguing that the evidence was insufficient. Finding the evidence sufficient, we affirm.

## I. Factual and Procedural Background

{¶ 2} Greenlee was charged with resisting arrest under R.C. 2921.33 and obstructing official business under R.C. 2921.31. The complaint alleged that Greenlee fled from police officers when they attempted to execute an arrest warrant and then, when he stopped, resisted their efforts to complete the arrest. The case was tried to a jury, which found Greenlee guilty on both charges.

{¶ 3} At trial, Officer Brian Robinson of the Kettering Police Department testified that, on August 16, 2019, he was given the task of serving an arrest warrant on Greenlee. He drove his cruiser to Kettering's Residenze Apartments, where Greenlee lived, and met Officer Bruce Abrams. Abrams was to accompany Robinson to serve the warrant and arrived in his own cruiser. The officers learned that Greenlee was at the pool. They drove over to the pool area, parking their cruisers nearby. As the officers, who were both in uniform, walked up to the pool, they saw a bare-footed man who was wearing swim trunks get up and walk toward the pool area's exit. The man continued to walk past the leasing office. At that point, Officer Robinson identified the man as Greenlee. Then, Greenlee abruptly took off running. Robinson gave chase, ordering Greenlee to stop. Greenlee continued to run, occasionally looking back over his shoulder. About a minute later, Greenlee came to a stop. Officer Robinson came up behind him and ordered him to the ground, but Greenlee did not move. Robinson again ordered Greenlee to get down. When

Greenlee did not comply, Robinson grabbed Greenlee's arm and forcibly took him to the ground using an arm-bar take-down. Greenlee did not resist being taken down and did not resist after he was on the ground. Once Greenlee was on the ground, Officer Robinson told him that he was under arrest.

{¶ 4} At the close of all evidence, Greenlee moved for acquittal under Crim.R. 29. The trial court overruled the motion. The jury found Greenlee guilty of both resisting arrest and obstructing official business. The court sentenced him to 60 days in jail with 30 days suspended.

{¶ 5} Greenlee appeals.

## II. Analysis

{¶ 6} The sole assignment of error alleges:

THE TRIAL COURT ERRED BY OVERRULING APPELLANT'S RULE 29 MOTION, AS THERE IS INSUFFICIENT EVIDENCE TO SUPPORT EITHER CHARGE.

{¶ 7} Crim.R. 29(A) states that "[t]he court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. * * *." "A sufficiency-of-the-evidence argument challenges whether the State has presented adequate evidence on each element of the offense to sustain the verdict as a matter of law." *State v. Croom*, 2d Dist. Montgomery No. 25094, 2013-Ohio-3377, ¶ 36, citing *State v. Hawn*, 138 Ohio App.3d 449, 471, 741 N.E.2d 594 (2d Dist.2000). "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction

is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

*Resisting arrest*

{¶ 8} R.C. 2921.33(A) provides that "[n]o person, recklessly or by force, shall resist or interfere with a lawful arrest of the person or another." There is no dispute that Greenlee's arrest was lawful.[1] The question is whether the evidence was sufficient that he resisted the arrest.

{¶ 9} " 'An arrest occurs when the following four requisite elements are involved: (1) An intent to arrest, (2) under a real or pretended authority, (3) accompanied by an actual or constructive seizure or detention of the person, and (4) which is so understood by the person arrested.' " *State v. Darrah*, 64 Ohio St.2d 22, 26, 412 N.E.2d 1328 (1980), quoting *State v. Terry*, 5 Ohio App.2d 122, 128, 214 N.E.2d 114 (8th Dist.1966).

{¶ 10} Officer Robinson intended to arrest Greenlee under a warrant, and he had the authority to do so. Both officers were in uniform and pulled up in police cruisers, leaving no doubt that they were police officers. That Greenlee walked away when he ostensibly saw them and then ran despite hearing Officer Robinson's command to stop suggests that he understood that they were there for him. The "actual or constructive

---

[1] The warrant had been issued by the Kettering Municipal Court and was admitted into evidence and stipulated to by the parties.

seizure or detention of his person" occurred when Greenlee stopped running and Robinson ordered him to the ground. At that point, Greenlee would have understood that he was being "seized."

{¶ 11} Based on Officer Robinson's testimony, it appears that Greenlee began running almost immediately after Robinson identified him and before Robinson could announce that he had a warrant for Greenlee's arrest, so Greenlee's behavior delayed the arrest from taking place, culminating with his failure to comply with Officer Robinson's orders to get on the ground.

{¶ 12} It is a close question whether Greenlee's actions were sufficient to constitute resisting. "Resisting" need not involve active force; it could be a reckless act. R.C. 2921.33(A). "A person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature." R.C. 2901.22(C). We have said that "an accused's avoidance of apprehension constitutes resisting arrest." *City of Fairborn v. Blanton*, 2d Dist. Greene No. 94-CA-103, 1995 WL 386905, *5 (Jun. 28, 1995), citing *State v. Williams*, 84 Ohio App.3d 129, 133, 616 N.E.2d 540 (12th Dist.1992). Furthermore, "delaying an arrest by preventing the seizure or detention of a person may constitute resisting arrest because it constitutes reckless resistance. By committing an act giving rise to the delay, a person may be proceeding with heedless indifference to the consequences and disregarding a known risk that his conduct will prevent arrest." (Citations omitted.) *State v. Hicks*, 9th Dist. Summit No. 24708, 2011-Ohio-2769, ¶ 19.

{¶ 13} Officer Robinson pursued Greenlee in headlong flight while repeatedly ordering him to stop, but Greenlee continued to run. When he finally did stop, he refused

to comply with Officer Robinson's repeated orders to get on the ground, requiring Robinson to take Greenlee down by force. We believe that the jury could have reasonably that Greenlee's running away and refusal to comply with multiple orders to stop and then to get on the ground were done with heedless indifference to the consequences and disregarded a known risk that his conduct was delaying the officer's attempt to seize or detain him.

*Obstructing official business*

{¶ 14} R.C. 2921.31(A) provides that "[n]o person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within the public official's official capacity, shall do any act that hampers or impedes a public official in the performance of the public official's lawful duties." A defendant acts purposefully if he acts with the "specific intention to cause a certain result." R.C. 2901.22(A). Accordingly, the evidence must be sufficient to find that Greenlee intended to "to prevent, obstruct, or delay the performance" of his arrest and did actually hamper or impede the officers.

{¶ 15} "[A] defendant's intent in acting must be 'determined from the manner in which it [the act] is done, the means used, and all other facts and circumstances in evidence.' " *State v. McCoy*, 2d Dist. Montgomery No. 22479, 2008-Ohio-5648, ¶ 14, quoting *State v. Wellman*, 173 Ohio App.3d 494, 2007-Ohio-2953, 879 N.E.2d 215, ¶ 15 (1st Dist.). "A mere failure or refusal to respond to an officer's request does not constitute obstructing official business." (Citations omitted.) *State v. Crawford*, 2d Dist. Montgomery No. 25506, 2013-Ohio-4398, ¶ 17. But "[w]alking away from a police investigation and failing to heed a police officer's orders to stop can be sufficient to find a person guilty of

obstructing official business." *State v. Terry*, 2d Dist. Montgomery No. 26722, 2016-Ohio-3484, ¶ 23. "[T]he total course of the defendant's conduct must be considered" as opposed to "viewing the acts of a defendant in isolation." (Citations omitted.) *State v. Overholt*, 9th Dist. Medina No. 2905-M, 1999 WL 635717, *2 (Aug. 18, 1999); *see also N. Ridgeville v. Reichbaum*, 112 Ohio App.3d 79, 84, 677 N.E.2d 1245 (9th Dist.1996) (multiple affirmative acts taken together can be sufficient to establish obstruction). " 'Where the overall pattern of behavior is one of resistance, * * * officers may consider the totality of the events and need not point to a single act that rises to the level of obstruction.' " *Roseborough v. Trotwood*, S.D.Ohio No. 3:06-cv-129, 2007 WL 3402880, *5 (Nov. 13, 2007), quoting *Lyons v. Xenia*, 417 F.3d 565, 574 (6th Cir.2005).

{¶ 16} Here, viewing the evidence in favor of the state, we think that the jury could have reasonably found that Greenlee's acts of running, failing to comply with Officer Robinson's command to stop, and failing to comply with the officer's commands to get on the ground were intended to prevent, obstruct, or delay the officers' performance of their official duties and actually did hamper or impede them.[2] There was sufficient evidence to support Greenlee's conviction for obstructing official business.

### III. Conclusion

{¶ 17} We conclude that there was sufficient evidence to support both charges. Accordingly, the trial court properly overruled Greenlee's motion for acquittal. The sole assignment of error is overruled. The trial court's judgment is affirmed.

. . . . . . . . . . . . .

---

[2] Although the conduct supporting the separate charges may have overlapped, there is no assignment of error related to whether the charges should have merged, and we therefore express no opinion on the subject.

DONOVAN, J. and WELBAUM, J., concur.


Copies sent to:

John D. Everett
Brian Brennaman
Hon. Frederick W. Dressel