The STATE of Ohio, Appellee,

v.

CARROLL, Appellant.

[Cite as State v. Carroll, 162 Ohio App.3d 672, 2005-Ohio-4048.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–040724.

Decided Aug. 5, 2005.

Julia L. McNeil, Cincinnati City Solicitor, Ernest F. McAdams Jr., City Prosecutor, and Gertrude Dixon, for appellee.

Raymond L. Katz, for appellant.

MARK P. PAINTER, Judge.

{¶ 1} Where the police were not attempting to arrest the defendant when he fled, a conviction for resisting arrest cannot stand. Defendant-appellant, Marcus Carroll, appeals his conviction for resisting arrest. We reverse and discharge him from further prosecution.

## I. Mistaken Identity

{¶ 2} In July 2004, Officer Stephen Bender was on bicycle street patrol when he saw Carroll standing in the courtyard of an apartment complex. He thought he recognized Carroll as a person wanted on a felony probation-violation warrant. Officer Bender approached Carroll while one of his partners, Officer Tamara Schneider, remained outside the courtyard to stop Carroll if he tried to flee.

{¶ 3} When requested, Carroll told Officer Bender his name and handed over his identification. Officer Bender stated that he thought that Carroll had a warrant out for his arrest and told Carroll to turn around and put his hands behind his back. Carroll said that he did not have any warrants against him and began talking to a small child nearby, trying to hand the child a plastic bag. When Officer Bender reached to grab Carroll's arm, Carroll ran.

{¶ 4} Officer Bender yelled for Carroll to stop, but Carroll ran straight into Officer Schneider outside the courtyard. She was also yelling at Carroll, telling him, "You need to stop" and "We need your hands." After subduing him, Officer Schneider arrested Carroll; the officers then discovered that Carroll was carrying a small amount of marijuana. Officer Bender checked in the police system and discovered that the warrant was actually for Jason Carroll, not Marcus Carroll. The two are apparently brothers.

{¶ 5} Carroll was charged with obstructing official business, resisting arrest, and drug abuse. He pleaded no contest to the drug charge. After a bench trial at which both officers testified, the trial court found Carroll guilty of resisting arrest, but not guilty of obstructing official business. Carroll now appeals, claiming in his only assignment that there was no reasonable basis for the arrest, so he could not have been found guilty of resisting arrest.

## II. Fleeing Was Not Resisting

{¶ 6} Carroll's argument is basically an attack on the sufficiency of the evidence against him. In reviewing a record for sufficiency, we must determine whether any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt, when viewing the evidence in the light most favorable to the prosecution.[1]

{¶ 7} No person, either recklessly or by force, is permitted to resist or interfere with a lawful arrest.[2] The key elements for the purposes of this appeal are whether a lawful arrest occurred and whether Carroll resisted that arrest.

---

1. *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492.

2. R.C. 2921.33(A).

{¶ 8} " 'An arrest occurs when the following four requisite elements are involved: (1) An intent to arrest, (2) under a real or pretended authority, (3) accompanied by an actual or constructive seizure or detention of the person, and (4) which is so understood by the person arrested.' " [3]

{¶ 9} Officer Bender testified that he had not arrested Carroll before asking Carroll to put his hands behind his back. Carroll was therefore not under arrest when he ran. Both officers testified that they yelled only "stop" or "you need to stop" while Carroll ran—this did not amount to an arrest. And then Carroll ran directly into Officer Schneider. She testified that she told him, "[S]top resisting" and "We need your hands." Officer Schneider then testified that she told Carroll that he was under arrest only after she got him to the ground.

{¶ 10} That the officers discovered marijuana on Carroll after his arrest does not mean that he was under a lawful arrest when he fled from Officer Bender.

### III. Struggling Before Arrest

{¶ 11} The state argues that the officers had probable cause to arrest Carroll for obstructing official business, so he was guilty of resisting arrest when he struggled with Officer Schneider.

{¶ 12} Both officers agreed that Carroll struggled with Officer Schneider while she was attempting to subdue him. Officer Schneider testified that she arrested Carroll because he was "obstructing and resisting my arrest." But the record shows that Officer Schneider did not know what had transpired between Carroll and Officer Bender. She could not hear them and did not know why Carroll was running. She did not even know why Officer Bender had approached Carroll in the first place. She therefore could not have known that Carroll was obstructing official business. And clearly, she could not arrest Carroll for resisting an arrest that had not been made.

{¶ 13} Officer Schneider had the right to stop Carroll, but she did not have probable cause to arrest him.

{¶ 14} We will not impose a rule that allows a conviction for resisting arrest any time a person flees from the police—there must first be an arrest. Mere failure to obey an officer's order does not give rise to obstruction.[4] And an

---

3. *State v. Darrah* (1980), 64 Ohio St.2d 22, 26, 18 O.O.3d 193, 412 N.E.2d 1328, quoting *State v. Terry* (1966), 5 Ohio App.2d 122, 128, 34 O.O.2d 237, 214 N.E.2d 114.

4. See *State v. Neptune* (Apr. 21, 2000), 4th Dist. No. 99CA25, 2000 WL 502830; *Garfield Hts. v. Simpson* (1992), 82 Ohio App.3d 286, 611 N.E.2d 892.

officer need not state, "You are under arrest," to begin a lawful arrest.[5]

{¶ 15} Obviously, Carroll should not have run away. If he had continued to cooperate, the officers would have found that he was the wrong Carroll and let him go—the brief detention to determine whether he was the Carroll wanted on a warrant was reasonable. In fact, the officers acted reasonably throughout the incident—but noncompliance by a suspect is not always a criminal offense.

{¶ 16} A somewhat similar situation was addressed nearly 30 years ago in *State v. Bailey*.[6] There, the defendant had a felony warrant for his arrest, but was apparently unaware of its existence. Two officers in a police cruiser pulled up near the defendant, and he ran. The officers shouted, "Halt!" but he did not stop until he was restrained and arrested a short distance away. The court held that the officers' failure to inform the defendant that he was under arrest meant that he had not resisted arrest. The court theorized a situation where failure to obey the command to halt might constitute resisting arrest. But such a situation did not occur here.

{¶ 17} This was not a situation like the one in *State v. Jackson*,[7] where the officers had probable cause to arrest after the defendant fled from a valid traffic stop. The officers involved knew that Jackson had fled from a valid stop; here Officer Schneider knew nothing about Carroll's encounter with Officer Bender.

■ {¶ 18} Viewing the evidence in the light most favorable to the prosecution, we are convinced that there was no point at which Carroll was under a lawful arrest and was resisting. It is clear that he was not under arrest when Officer Bender wanted to handcuff him, so he was not resisting arrest when he fled. (He may well have been obstructing official business at that point—but the trial court found him not guilty of that offense.) And the record demonstrates that Carroll was not actually arrested until Officer Schneider had already subdued him. There was no lawful arrest for Carroll to resist until that point. Thus, the state failed to prove an essential element of the offense.

{¶ 19} We therefore sustain Carroll's sole assignment of error, reverse the trial court's judgment, and discharge Carroll from further prosecution.

Judgment reversed
and appellant discharged.

HILDEBRANDT, P.J., and HENDON, J., concur.

---

5.  See *State v. Maurer* (1984), 15 Ohio St.3d 239, 15 OBR 379, 473 N.E.2d 768.

6.  *State v. Bailey* (Jan. 5, 1977), 1st Dist. No. CA 75-08-0077, 1977 WL 199625.

7.  *State v. Jackson* (Apr. 14, 2000), 1st Dist. No. C-990371, 2000 WL 376420.