[Cite as *State v. Morris*, 2012-Ohio-3287.]

IN THE COURT OF APPEALS OF MONTGOMERY COUNTY, OHIO

STATE OF OHIO                                    :

    Plaintiff-Appellee                    :        C.A. CASE NO. 24810

vs.                                              :        T.C. CASE NO. 11CRB7970

DARIN E. MORRIS                                  :        (Criminal Appeal from
                                                            Municipal Court)

    Defendant-Appellant                   :

· · · · · · · ·

**O P I N I O N**

Rendered on the 20th day of July, 2012.

· · · · · · · ·

**John Danish, City Attorney; Stephanie Cook, Chief Prosecutor; Matthew Kortjohn, Asst. Prosecutor, Atty. Reg. No. 0083743, 335 W. Third Street, Dayton, OH 45402**
      **Attorneys for Plaintiff-Appellee**

**Christopher A. Deal, Atty. Reg. No. 0078510, 131 N. Ludlow Street, Suite 630, Dayton, OH 45402**
      **Attorney for Defendant-Appellant**

· · · · · · · ·

GRADY, P.J.:

{¶ 1} Defendant Darin E. Morris appeals from his conviction and sentence for disorderly conduct in violation of R.C. 2917.11(A)(2).

{¶ 2} At approximately 12:30 a.m. on July 31, 2011, Dayton Police Officers Kari Staples and Matthew Heiser were dispatched to 2250 Benson Drive, which is a residence

situated across the street from Good Samaritan Hospital. The officers were dispatched to that location based on a report of a suspicious person. When the officers arrived, they found Defendant lying unconscious in the front yard. Officer Heiser tried to wake Defendant by violently shaking him but was unsuccessful. Officer Staples then used smelling salts to wake Defendant.

{¶ 3} As Defendant became conscious, he began screaming obscenities at both officers. Once Defendant got to his feet, he screamed "F*** you, bitch" to Officer Staples as he stood within six inches of her face. Officer Staples felt threatened by and was annoyed by Defendant's actions. Defendant's yelling of obscenities at the officers drew the attention of two people smoking cigarettes outside Good Samaritan Hospital.

{¶ 4} After approximately four to five minutes of yelling profanities, and being warned to stop, Defendant was arrested by the officers. He was charged with disorderly conduct in violation of R.C. 2917.11(A)(2). A bench trial was held on August 30, 2011. After the State rested its case, Defendant moved for a judgment of acquittal pursuant to Crim.R. 29, which the trial court denied. Defendant was convicted of disorderly conduct and sentenced to thirty days in jail and ordered to pay a $200 fine. The thirty days in jail and $150 of the $200 fine were suspended.

{¶ 5} Defendant filed a timely notice of appeal, raising three assignments of error.

{¶ 6} First Assignment of Error:

{¶ 7} "THE TRIAL COURT ERRED IN DENYING APPELLANT'S RULE 29 MOTION FOR ACQUITTAL AT THE CLOSE OF THE STATE'S CASE."

{¶ 8} Second Assignment of Error:

{¶ 9} "THE DECISION OF THE TRIAL COURT, FINDING APPELLANT GUILTY OF DISORDERLY CONDUCT, WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

{¶ 10} In his first two assignments of error, Defendant argues that the trial court erred in convicting him of disorderly conduct because his conviction is against the manifest weight of the evidence and is not supported by the sufficiency of the evidence. We do not agree.

{¶ 11} When reviewing the denial of a Crim.R. 29 motion, an appellate court applies the same standard as is used to review a sufficiency of the evidence claim. *State v. Thaler*, 2d Dist. Montgomery No. 22578, 2008-Ohio-5525, ¶ 14. A sufficiency of the evidence argument challenges whether the State has presented adequate evidence on each element of the offense to allow the case to go to the jury or to sustain the verdict as a matter of law. *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997). The proper test to apply to such an inquiry is the one set forth in paragraph two of the syllabus of *State v. Jenks,* 61 Ohio St.3d 259, 574 N.E.2d 492 (1991):

> An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.

{¶ 12} When reviewing a judgment under a manifest weight standard of review:

[t]he court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [factfinder] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which evidence weighs heavily against the conviction.

*Thompkins,* at 387, quoting *State v. Martin,* 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

**{¶ 13}** Defendant was convicted of disorderly conduct in violation of R.C. 2917.11(A)(2), which provides:

(A) No person shall recklessly cause inconvenience, annoyance, or alarm to another by doing any of the following:

(2) Making unreasonable noise or an offensively coarse utterance, gesture, or display or communicating unwarranted and grossly abusive language to any person[.]

**{¶ 14}** Officer Staples testified that Defendant screamed a number of vulgarities at her and Officer Heiser during the four to five minutes before the officers arrested Defendant. Officer Staples also testified that she felt threatened and annoyed when Defendant screamed "F*** you, bitch" within six inches of her face. Further, Defendant's loud outburst drew the attention of two bystanders who were across the street.

**{¶ 15}** Defendant argues that his conviction cannot stand because his words did not

constitute "fighting words."   We addressed a similar argument in *State v. Semler*, 90 Ohio App.3d 369, 371-372, 629 N.E.2d 481 (2d. Dist.1993), where we wrote:

> If [Defendant's] conviction was based on the content of his speech, it could not stand.   No matter how rude, abusive, offensive, or vulgar words may be to another person, one who uses them may not be convicted of a criminal offense for his utterance unless they are "fighting words," that is, words which by their very utterance are likely to inflict injury or to provoke the average person to an immediate, retaliatory breach of the peace.   *State v. Hoffman*, [57 Ohio St.2d 129, 378 N.E.2d 239 (1979)]. [Defendant's] use of an old English four-letter functional verb in the imperative mood, obnoxious as it was, is not of that character.   Perhaps it was once, but it has changed with the times.   As a wag has observed, in today's world Hester Prynne would get, at most, a C+.

> It was [Defendant's] actions, not the content of his speech, that produced his conviction.   The trial court found that his loud and angry words, shouted in a residential neighborhood where houses are in close proximity, at 2:00 a.m., violated the ordinance.   We agree.   The noise and commotion he created were likely to cause annoyance or alarm to persons of ordinary sensibilities who lived nearby and heard them.   The same would be true had he shouted the words of "Mary Had a Little Lamb," though his condition and the surrounding circumstances probably inclined him to use more colorful and forceful terms.

{¶ 16} While we agree with the general proposition that simply directing an obscenity

toward a police officer does not always mandate an arrest and conviction for disorderly conduct, Defendant did more than simply curse at an officer. Rather, Defendant screamed vulgarities at two officers over a period of four to five minutes and was within six inches of Officer Staples when he screamed "F*** you, bitch." Officer Staples found this conduct annoying and threatening. Further, Defendant's outburst was loud enough to draw the attention of two individuals who were across the street from Defendant and the officers. Defendant's loud outburst occurred at approximately 12:30 a.m., in front of a residence at which Defendant had been found lying in the front yard, unconscious. No connection between the residence and Defendant was shown or claimed.

{¶ 17} Defendant's conduct, as established through the testimony of Officer Staples, is sufficient to establish the necessary elements of a violation of R.C. 2917.11(A)(2). Further, based on the record before us, we cannot find that Defendant's conviction is against the manifest weight of the evidence.

{¶ 18} The first and second assignments of error are overruled.

{¶ 19} Third Assignment of Error:

{¶ 20} "THE TRIAL COURT ERRED WHEN IT FAILED TO AFFORD THE APPELLANT THE OPPORTUNITY TO SPEAK PRIOR TO SENTENCING, PURSUANT TO RULE 31(A)(1) OF THE OHIO RULES OF CRIMINAL PROCEDURE."

{¶ 21} "The plain language of Crim.R. 32(A)(1) imposes a mandatory duty upon the trial court to unambiguously address the defendant and provide him or her with the opportunity to speak before sentencing." *State v. Collier*, 2d Dist. Clark Nos. 2006 CA 102, 2006 CA 104, 2007-Ohio-6349, ¶92 (Citation omitted.) The defendant's right to allocution

applies equally to both felony and misdemeanor convictions. *Id.* (Citation omitted.)

**{¶ 22}** The transcript from the trial establishes, and the State concedes, that the trial court failed to ask Defendant if he wished to exercise his right to allocution prior to sentencing. "In a case in which the trial court has imposed sentence without first asking the defendant whether he or she wishes to exercise the right of allocution created by Crim.R. 32(A), resentencing is required unless the error is invited error or harmless error." *State v. Campbell*, 90 Ohio St.3d 320, 738 N.E.2d 1178 (2000). The error is harmless if the defendant had made an unsworn statement to the jury, sent a letter to the judge, and defense counsel had made a statement to the judge on the defendant's behalf. *State v. Reynolds*, 80 Ohio St.3d 670, 687, 687 N.E.2d 1358 (1998). Moreover, the doctrine of waiver is inapplicable to this type of error if the trial court does not ask the defendant if he wishes to allocute. *Campbell*, at 324-325.

**{¶ 23}** Based on a review of the record before us, we cannot find that the trial court's error was invited or harmless. Furthermore, the State concedes error. Therefore, the third assignment of error is sustained and the cause will be remanded for resentencing to give Defendant an opportunity to exercise his right of allocution.

**{¶ 24}** Having sustained the third assignment of error, we will reverse the sentence the court imposed and remand for resentencing. Defendant's conviction for disorderly conduct will be affirmed.

FROELICH, J., And HALL, J., concur.

Copies mailed to:

Matthew Kortjohn, Esq.
Christopher A. Deal, Esq.
Hon. Carl Sims Henderson