# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

DONALD W. HOLLADAY,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 19 MA 0039

---

Criminal Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 2018 CR 01016

**BEFORE:**
David A. D'Apolito, Gene Donofrio, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Affirmed in part. Reversed and Remanded in part.

---

*Atty. Paul J. Gains*, Mahoning County Prosecutor*, and *Atty. Ralph M. Rivera*, Assistant Prosecuting Attorney, 21 West Boardman Street, 6th Floor, Youngstown, Ohio 44503, for Plaintiff-Appellee and

*Atty. Edward Czopur,* DeGenova & Yarwood, Ltd., 42 North Phelps Street, Youngstown, Ohio 44503, for Defendant-Appellant.

Dated:  November 19, 2020

_____

**D'Apolito, J.**

{¶1}    Appellant Donald Holladay appeals his convictions in the Mahoning County Court of Common Pleas for one count of felonious assault, in violation of R.C. 2903.11(A)(2), a felony of the first degree, one count of resisting arrest, in  violation of R.C. 2921.33(C)(1),  a felony of the fourth degree, and one count of obstructing official business, in violation of R.C. 2921.31(A), a misdemeanor of the second degree. Appellant advances seven assignments of error.

{¶2}    Appellant contends that there was insufficient evidence offered by the state to establish certain elements of each crime and that his convictions are not supported by the manifest weight of the evidence.  He argues, in the alternative, that his felonious assault and resisting arrest convictions should have been merged.

{¶3}    For the following reasons, we find that there is insufficient evidence in the record to sustain Appellant's felonious assault and resisting arrest convictions, and, as a result, his convictions for felonious assault and resisting arrest are reversed.   His conviction for obstructing official business is affirmed.  This matter is remanded for the limited purpose of vacating Appellant's felonious assault and resisting arrest convictions, and for a resentencing hearing on Appellant's conviction for obstructing official business.

## FACTS

{¶4}    The only witness who testified at trial was Chad Caughey, a patrolman with the Smith Township Police Department.  He had been a patrolman for Smith Township for roughly eleven months when the incident giving rise to Appellant's convictions occurred, but had an additional twelve months of part-time experience with another police department.

{¶5}    On October 12, 2018, Patrolman Caughey was dispatched to the local post office to investigate a silver minivan that had been parked in the lot for several hours.  The public counter at the post office had been closed for roughly one-and-one-half hours when Patrolman Caughey arrived.  He testified that he regularly conducts "business checks" at the post office after hours and "the doors are closed."  (*Id.*, p. 139-140.)

Case No. 19 MA 0039

{¶6}  Patrolman Caughey pulled his patrol car to the rear driver's side of the minivan, which was parked with its passenger side next to a mail truck.  He called the license plate into his dispatcher and determined that the minivan had not been reported as stolen.

{¶7}  Photographs of the scene were admitted into evidence and depict a small, rural post office with a large structure with two garage doors on the opposite side of the small gravel parking lot.  At least two residences appear to be in close proximity to the post office. Patrolman Caughey testified that there is a park across the street from the post office, which is not visible in the photographs.

{¶8}  When Patrolman Caughey approached the driver's side of the minivan, he discovered Appellant sleeping in the front passenger seat.  Patrolman Caughey testified that he thought Appellant might have suffered a drug overdose.  He had previously encountered roughly ten individuals "in distress" during his work as a patrolman.  (*Id.*, p. 137.)

{¶9}  Patrolman Caughey walked over to the passenger side and knocked on the front passenger side window to rouse Appellant, to no avail.  When Patrolman Caughey knocked on the window a second time, Appellant awakened.

{¶10}  During his direct testimony, Patrolman Caughey stated that he asked Appellant to identify himself and further asked "if everything was okay." (*Id.*, p. 116.)  On cross-examination, Patrolman Caughey conceded that, according to the police report, he asked Appellant to exit the minivan to have a conversation.

{¶11}  Appellant responded, "Go fuck yourself."  Patrolman Caughey then commanded Appellant to exit from the vehicle, but Appellant again responded, "Go fuck yourself."  (*Id.*)

{¶12}  Patrolman Caughey testified that Appellant did not seem to be in his "right mind," reasoning that "[u]sually, if [Patrolman Caughey had] somebody address [him] the first words out of their mouth isn't [sic] fuck you." (*Id.*, p. 117.)  As a consequence, Patrolman Caughey radioed the Sebring Police Department to request that a second patrolman be dispatched to the scene.

**{¶13}** Appellant began reaching down to the floorboard, then he climbed to the back seat of the minivan. Patrolman Caughey drew his weapon and took cover behind the mail truck.

**{¶14}** Patrolman Caughey explained that he was concerned for his safety as he could not see Appellant's hands. When Patrolman Caughey ordered Appellant to show his hands, Appellant raised his hands, "flip[ped Patrolman Caughey] off," and told him to "fuck off." (*Id.*, p. 142-143.) Patrolman Caughey radioed the Sebring Police Department to expedite the Sebring patrolman's arrival at the scene.

**{¶15}** Patrolman Caughey testified that he believed that he had probable cause to arrest Appellant for disorderly conduct, because of Appellant's use of profane language and his failure to comply with Patrolman's Caughey's orders. However, he conceded that Appellant was not under arrest. (*Id.*, p. 145.) Patrolman Caughey explained that he was attempting to detain Appellant because Smith Township patrolmen are required to document any contact with a member of the public and he needed Appellant's name and address "for report purposes." (*Id.*, p. 142.)

**{¶16}** Appellant then climbed from the back seat to the front driver's side seat and started the engine. Patrolman Caughey testified that visibility into the vehicle was limited because the day was overcast and the side windows of the minivan were tinted, so he repositioned himself behind the driver's rearview mirror approximately one or two feet from the minivan.

**{¶17}** Patrolman Caughey had his gun in his right hand and his baton in his left. He ordered Appellant to turn off the engine and exit the vehicle, however, Appellant continued to tell Patrolman Caughey to "[g]o fuck himself, to fuck off." (*Id.*, p. 122.)

**{¶18}** Appellant shifted the minivan into reverse and "slam[med] on the gas." (*Id.*, p. 122.) Patrolman Caughey recalled hearing the tires spinning and trying to get traction on the pea gravel.

**{¶19}** In his haste to exit the parking lot, Appellant "bump[ed]" Patrolman Caughey with the front end of the minivan. (*Id.*) Patrolman Caughey was not injured. He conceded on cross-examination that Appellant "was not coming after [him, Appellant was] trying to leave." (*Id.*, p. 148.)

Case No. 19 MA 0039

**{¶20}** Patrolman Caughey "bounced off the frame of the vehicle, caught [his] footing, and then [ ] proceeded to strike out the driver's side window with [his] baton." (*Id.*, p. 123.) Appellant "slammed on the brakes," which prompted Patrolman Caughey to discard the baton and point the gun at Appellant. (*Id.*) Appellant continued to shout obscenities and told Patrolman Caughey that he had no right to break his window. Appellant shouted that Patrolman Caughey was "crazy." (*Id.*, p. 124.)

**{¶21}** At this point, a Sebring PD patrolman arrived on the scene. Both patrolmen ordered Appellant to exit from the vehicle, but he refused. The Sebring PD patrolman was forced to reach into the driver's side window to unlock the door. After Patrolman Caughey re-holstered his weapon, both officers struggled to remove Appellant from the minivan.

**{¶22}** During the struggle, the Sebring PD patrolman deployed OC spray in order to subdue Appellant. In order to avoid the OC spray, Appellant climbed to the passenger seat. The Sebring PD patrolman ran to the other side of the vehicle and opened the passenger side door.

**{¶23}** As the passenger side door opened, Appellant forced his way out of the minivan and fled on foot. Patrolman Caughey tackled Appellant to the ground, but Appellant refused to give up his hands, and tucked them under his body. Ultimately, Appellant was handcuffed. Patrolman Caughey sprained his wrist during the scuffle.

**{¶24}** In both its opening and closing arguments, the state argued that Appellant turned the steering wheel before depressing the gas pedal, and swung the front end of the minivan into Patrolman Caughey. However, Patrolman Caughey did not testify that Appellant turned the wheel during his testimony. The source of this information appears to be the police report, which was not admitted into evidence over defense counsel's objection. Although Patrolman Caughey wrote in the police report that Appellant turned the steering wheel, he did not offer that testimony at trial.

**{¶25}** At the conclusion of the state's case, defense counsel moved for a dismissal of all of the charges based on "Rule 11," which the trial court treated as a motion for judgment of acquittal pursuant to Crim. R. 29. With respect to the felonious assault charge, defense counsel argued that there was no evidence of Appellant's intent to "use the [minivan] as anything, by nature of a weapon, just simply a [minivan.]" (*Id.*, p. 161.) As to the resisting arrest charge, defense counsel argued that Appellant was never told

he was under arrest. With respect to the obstructing official business charge, defense counsel argued that Patrolman Caughey's business ended when he determined that Appellant had not overdosed on drugs. The trial court overruled the motion.

**{¶26}** Although the jury was instructed on the lesser-included offense of assault, the jury found Appellant guilty of felonious assault. Appellant was sentenced to eight years of imprisonment for the felonious assault conviction, twelve months for the resisting arrest conviction, and eighteen months for the obstructing official business conviction, to be served concurrently, and an additional twelve months imposed pursuant to R.C. 2929.141, as Appellant committed his crimes while on post-release control, for an aggregate sentence of nine years. This timely appeal followed.

## ASSIGNMENT OF ERROR NO. 1

**THE CONVICTION FOR FELONIOUS ASSAULT WAS BASED ON INSUFFICIENT EVIDENCE AS THE STATE FAILED TO PROVE THAT APPELLANT ACTED KNOWINGLY WHEN HE HIT THE PATROLMAN WITH THE VAN AND/OR THAT HE CAUSED "PHYSICAL HARM" TO THE PATROLMAN.**

## ASSIGNMENT OF ERROR NO. 2

**THE CONVICTION FOR FELONIOUS ASSAULT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.**

**{¶27}** "Sufficiency of the evidence is a legal question dealing with adequacy." *State v. Pepin-McCaffrey*, 186 Ohio App.3d 548, 2010-Ohio-617, 929 N.E.2d 476, ¶ 49 (7th Dist.), citing *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997). "Sufficiency is a term of art meaning that legal standard which is applied to determine whether a case may go to the jury or whether evidence is legally sufficient to support the jury verdict as a matter of law." *State v. Draper*, 7th Dist. Jefferson No. 07 JE 45, 2009-Ohio-1023, ¶ 14, citing *State v. Robinson*, 162 Ohio St. 486, 124 N.E.2d 148 (1955).

**{¶28}** To discharge the state's burden when prosecuting a criminal offense, "'probative evidence must be offered' on 'every material element which is necessary to

constitute the crime.' " *State v. Billman*, 7th Dist. Monroe Nos. 12 MO 3, 12 MO 5, 2013-Ohio-5774, ¶ 8, citing *State v. Martin*, 164 Ohio St. 54, 57, 128 N.E.2d 7 (1955). In a sufficiency review, a reviewing court does not determine "whether the state's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction." *State v. Rucci*, 7th Dist. Mahoning No. 13 MA 34, 2015-Ohio-1882, ¶ 14, citing *State v. Merritt*, 7th Dist. Jefferson No. 09 JE 26, 2011-Ohio-1468, ¶ 34. If there is insufficient evidence to support a conviction, retrial is barred. *State v. Brewer*, 121 Ohio St.3d 202, 2009-Ohio-593, 903 N.E.2d 284, ¶ 16-20.

**{¶29}** This is distinct from a review of the manifest weight of the evidence, which focuses on the state's burden of persuasion. *Id.* A reviewing court "weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *Thompkins* at 387, quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 484 N.E.2d 717 (1st Dist.1983). A reversal should be granted only "in the exceptional case in which the evidence weighs heavily against the conviction." *State v. Andric*, 7th. Dist. Columbiana No. 06 CO 28, 2007-Ohio-6701, ¶ 19, citing *Martin* at 175.

**{¶30}** R.C. 2903.11(A)(2), captioned "Felonious assault," reads in relevant part, "[n]o person shall knowingly do either of the following: * * * Cause or attempt to cause physical harm to another * * * by means of a deadly weapon or dangerous ordnance." "Physical harm" means any injury regardless of its gravity or duration. R.C. 2901.01(A)(3). R.C. 2903.13, captioned "Assault," reads, in relevant part: "(A) No person shall knowingly cause or attempt to cause physical harm to another * * *."

**{¶31}** A person acts knowingly, regardless of purpose, when the person is aware that his conduct will probably cause a certain result. A person has knowledge of circumstances when the person is aware that such circumstances probably exist. R.C. 2901.22(B). As the element of intent dwells in a person's mind, it must be gathered from the surrounding facts and circumstances. *State v. Chamberlain*, 7th Dist. Jefferson No. 19 JE 0007, 2020-Ohio-3583, ¶ 15.

**{¶32}** Appellant asserts that the state failed to offer any evidence that Appellant knowingly struck Patrolman Caughey with the front end of the minivan. Appellant writes:

A review of these facts, even in a light most favorable to the state, shows that Appellant was, as the officer said, trying to flee. He was not trying to hit the officer with the [minivan]. There is no indication that Appellant jerked the wheel so that the [minivan] would hit the officer. There is no indication that Appellant was trying to do anything other than leave. As such, reasonable minds could only conclude from the testimony that Appellant acted, at worst, recklessly, and most likely negligently when he hit the officer.

(Appellant's Brf., p. 5.)

{¶33} Appellant argues that there is no evidence in the record that he was "trying to hit" the officer. However, a person acts knowingly, regardless of purpose, when the person is aware that his conduct will probably cause a certain result. Therefore, the state was only required to show that Appellant was aware of the probability that he would strike Patrolman Caughey with the front end of the minivan when he exited the parking lot.

{¶34} Patrolman Caughey testified that Appellant was nonresponsive during their encounter, but for a series of expletives, and that Appellant raised his middle finger when Patrolman Caughey instructed Appellant to show his hands. However, Patrolman Caughey conceded that Appellant did not act purposefully when he struck Patrolman Caughey, but, instead, that Appellant was simply attempting to leave the scene.

{¶35} Patrolman Caughey further testified that he was standing one or two feet from the minivan just behind the driver's side rear-view mirror when Appellant "slam[med] on the gas" to exit the parking lot. The foregoing testimony establishes Patrolman Caughey's proximity to the front end of the minivan as well as Appellant's hasty retreat from the encounter.

{¶36} However, Patrolman Caughey provided no testimony to establish that Appellant was aware that he would probably strike Patrolman Caughey with the front end of the minivan when he attempted to exit the parking lot. The state offered no evidence that Patrolman Caughey's proximity to the minivan, in conjunction with the minivan's position, made it probable that Appellant would strike Patrolman Caughey.

Case No. 19 MA 0039

{¶37} The state asserted in its closing argument that "we know that [Appellant] turned the wheel," "we know that he swung the front of the van towards [Patrolman Caughey] as he backed up quickly," and "[Appellant] caused physical harm by turning the wheel and backing up quickly." (Trial Tr., p. 166, 171.) The state continued:

> You are reasonable people. You know what happens when you back up and you turn. The front end swings to your left; all right? [Appellant] knew he was going to hit [Patrolman Caughey] if he continued to back up and swing the front end of his vehicle towards the officer.

(*Id.* at p. 167.) The state concluded, "[Appellant] knew what he was doing when he backed up [minivan] up and turned the wheel." (*Id.* at p. 168.)

{¶38} In its rebuttal, the state further asserted that "[Appellant] committed a felonious assault by swinging the front of the [minivan] towards [Patrolman] Caughey. * * * [Patrolman Caughey] was standing right there holding [Appellant] at gunpoint and yet he still tried to get out of there." (*Id.*, p.184-185.)

{¶39} However, Patrolman Caughey never testified that Appellant turned the wheel. He did not testify that the wheel was turned while the minivan was parked, such that placing the vehicle in gear would cause the front end of the minivan to strike him. He did not testify that Appellant had to turn the wheel in order to avoid hitting the patrol car, and it is not clear from the record that Appellant had to turn the wheel to avoid hitting the patrol car because Patrolman Caughey did not testify that the patrol car was obstructing the minivan's path out of the parking lot.

{¶40} The police report reads, in pertinent part, "[Appellant] then put the vehicle in reverse and slammed on the gas causing the vehicle to spin the tires in the gravel, and turned the vehicle into me. I was then struck with the [minivan] causing me to bounce off the front fender." Although defense counsel used the police report during his cross-examination of Patrolman Caughey, the trial court refused to admit the police report into evidence.

{¶41} A question submitted to the trial court during deliberation reflects the jury's confusion regarding statements made by the prosecution in closing arguments. The jury

submitted the following question, "The police report that was shown, can we see?" The trial court responded, "No. It was not admitted into evidence." (Trial Tr., p. 214.)

**{¶42}** In order to overrule the Rule 29 motion on the felonious assault charge, the trial court had to presume facts not in evidence, that is, facts that show that Appellant knew he would probably strike Patrolman Caughey (not that he might strike him) with the front end of the minivan. Because there is no evidence in the record to establish that Appellant turned the steering wheel or that he knew the wheel was turned while the minivan was parked and, as a result, he would probably strike Patrolman Caughey, we find that there was insufficient evidence in the record to establish that Appellant acted knowingly.

**{¶43}** Next, Appellant cites *State v. Curlee-Jones*, 8th Dist. Cuyahoga No. 98233, 2013–Ohio–1175, in support of his argument that the state offered no evidence that Patrolman Caughey suffered any physical harm. In that case, Curlee-Jones swung her arms and hit an officer in the head while he was effecting her arrest. When Curlee-Jones was forced to the ground, a second officer tried to grab a hold of her legs while handcuffing her and she kicked him roughly a dozen times. *Id.* at ¶ 13. Appellant was subsequently convicted of one count of resisting arrest and two counts of assault on a police officer. However, the *Curlee-Jones* panel found that no proof of actual physical harm was offered as "[n]either officer testified to suffering any injury." *Id.* at ¶ 13.

**{¶44}** Here, Patrolman Caughey sustained no injury as a result of his contact with the front end of the minivan. He testified that he was jostled by the impact, but was able to regain his footing and strike out the driver-side window with his baton. Accordingly, we find that there was insufficient evidence to establish that Patrolman Caughey suffered physical harm.

**{¶45}** The state argues that Appellant was guilty of attempting to cause physical harm. To "attempt" is to purposely or knowingly "engage in conduct that, if successful, would constitute or result in the offense." R.C. 2923.02(A). Patrolman Caughey testified that Appellant's purpose was to leave the scene, not to strike Patrolman Caughey with the minivan. Further, there is no evidence in the record to establish that Appellant knew that he would probably strike Patrolman Caughey with the front end of the minivan when he put it in gear and depressed the gas pedal.

Case No. 19 MA 0039

**{¶46}** For the foregoing reasons, we find that the trial court erred when it failed to sustain Appellant's Rule 29 motion to dismiss the felonious assault charge. Further, because the lesser-included offense of assault likewise requires evidence that Appellant acted knowingly and that Patrolman Caughey suffered physical harm, there was insufficient evidence of the lesser included offense as well. Accordingly, we find that Appellant's first assignment of error has merit and Appellant's felonious assault conviction is reversed. We further find that Appellant's second assignment of error, predicated upon the manifest weight of the evidence is moot.

## ASSIGNMENT OF ERROR NO. 3

**THE CONVICTION FOR RESISTING ARREST WAS BASED ON INSUFFICIENT EVIDENCE AS THE STATE FAILED TO PROVE THAT APPELLANT USED A "DEADLY WEAPON" WHEN RESISTING HIS ARREST.**

## ASSIGNMENT OF ERROR NO. 4

**THE CONVICTION FOR RESISTING ARREST WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.**

**{¶47}** R.C. 2921.33(C), captioned "Resisting arrest," reads, in pertinent part: "No person, recklessly or by force, shall resist or interfere with a lawful arrest of the person or another person if either of the following applies: (1) The offender, during the course of or as a result of the resistance or interference, recklessly causes physical harm to a law enforcement officer by means of a deadly weapon."

**{¶48}** A person acts recklessly when, with heedless indifference to the consequences, the person disregards a substantial and unjustifiable risk that the person's conduct is likely to cause a certain result. R.C. 2901.22(C). Appellant's resisting arrest conviction must be based on his effort to leave the scene in the minivan, not his subsequent effort to flee on foot from the minivan, insofar as no deadly weapon was used after Appellant stopped the minivan and refused to exit.

**{¶49}** Appellant argues that he was not under arrest when he attempted to leave the scene in the minivan. He asserts that disorderly conduct is a minor misdemeanor, and, therefore, not an arrestable offense. He further argues that cursing at a police officer is protected speech under the First Amendment, which cannot form the basis for a charge of disorderly conduct or obstruction.

**{¶50}** For an arrest to be lawful, it is not necessary for the state to prove that the defendant was in fact guilty of the offense for which the arrest was made to uphold a conviction for resisting arrest. *State v. Collins*, 7th Dist. Columbiana No. 97-CO-38, 1999 WL 182505, *3. Rather, in determining the lawfulness element of resisting arrest, the state must show there was a reasonable basis for the arrest. The reasonable basis test considers whether a reasonable police officer under similar circumstances would have concluded that the defendant committed a crime suitable for arrest. *Id.*

**{¶51}** In *State v. Ewing*, 10th Dist. Franklin No. 09-AP-776, 2010-Ohio-1385, the Tenth District recognized the general rule that police officers shall issue citations for minor misdemeanors rather than make an arrest. *Id.* at ¶ 28, citing R.C. 2935.26. However, R.C. 2935.26 provides exceptions to the general rule including where "the offender cannot or will not offer satisfactory evidence of his own identity." Patrolman Caughey testified that Appellant refused to identify himself. Therefore, Appellant's arrest falls squarely within an exception to the general rule regarding the issuance of citations for minor misdemeanors.

**{¶52}** Further, a reasonable officer faced with the circumstances of this case would not conclude that Appellant was exercising his right to free speech. To the contrary, Appellant was found sleeping in the passenger side of a minivan in the parking lot of a post office, roughly one-and-one-half hours after the post office was closed for business. When roused, Appellant shouted a series of obscenities. Like Patrolman Caughey, a reasonable officer would have concluded that Appellant was guilty of disorderly conduct.

**{¶53}** In *State v. Morris*, 2nd Dist. Montgomery No. 24810, 2012-Ohio-3287, the Second District observed:

> While we agree with the general proposition that simply directing an obscenity toward a police officer does not always mandate an arrest and conviction for disorderly conduct, Defendant did more than simply curse at

an officer. Rather, Defendant screamed vulgarities at two officers over a period of four to five minutes and was within six inches of Officer Staples when he screamed "F\* \* \* you, bitch." Officer Staples found this conduct annoying and threatening. Further, Defendant's outburst was loud enough to draw the attention of two individuals who were across the street from Defendant and the officers. Defendant's loud outburst occurred at approximately 12:30 a.m., in front of a residence at which Defendant had been found lying in the front yard, unconscious. No connection between the residence and Defendant was shown or claimed.

*Id.* at ¶ 16.

**{¶54}** An arrest occurs when the following four requisite elements are involved: (1) An intent to arrest, (2) under a real or pretended authority, (3) accompanied by an actual or constructive seizure or detention of the person, and (4) which is so understood by the person arrested. *State v. Darrah*, 64 Ohio St.2d 22, 26, 412 N.E.2d 1328 (1980). "'[A]n officer need not state, "You are under arrest."'" *Id.*, quoting *State v. Carroll*, 162 Ohio App.3d 672, 2005-Ohio-4048, 834 N.E.2d 843, ¶ 14. Rather, arrest " 'signifies the apprehension of an individual or the restraint of a person's freedom in contemplation of the formal charging with a crime.' " *Darrah* at 26, 412 N.E.2d 1328.

**{¶55}** The Fourth District has observed that "'[i]n determining 'when' a person is arrested, [a reviewing court should] ask, at what point, 'in view of all the circumstances surrounding the incident, a reasonable person would have believed he [or she] was not free to leave.'" *State v. Stringer*, 4th Dist. Scioto No. 97CA2506, 1999 WL 105095, *9, quoting *United States v. Hammock*, 860 F.2d 390, 393 (11th Cir.1988). "Circumstances which indicate an arrest include: the blocking of an individual's path or the impeding of his progress; the display of weapons; the number of officers present and their demeanor; the length of the detention; and the extent to which the officers physically restrained the individual. This list is not exclusive. *Id.*, citing *Hammock*, at 393."

**{¶56}** Here, Patrolman Caughey conceded that Appellant was not under arrest while he was in the passenger seat or in the backseat of the minivan. Further, Patrolman Caughey did not testify that he ever formed the intent to arrest Appellant.

Case No. 19 MA 0039

{¶57} Even assuming arguendo that an arrest occurred, the state had to prove that Appellant acted recklessly, that is, with heedless indifference to the consequences, Appellant disregarded a substantial and unjustifiable risk that his conduct would likely result in physical harm to Patrolman Caughey. However, without the evidence that Appellant turned the wheel, or that the wheel was turned while the minivan was parked, the likelihood of physical harm to Patrolman Caughey cannot be established. Further, and as stated previously, Patrolman Caughey conceded that he suffered no physical harm.

{¶58} In order to overrule the Rule 29 motion on the resisting arrest charge, the trial court had to presume facts not in evidence, that is, facts that show that Patrolman Caughey intended to arrest Appellant, Appellant acted recklessly, and that Patrolman Caughey suffered physical harm. Accordingly, we find that there is insufficient evidence to sustain Appellant's resisting arrest conviction, Appellant's third assignment of error has merit, and Appellant's resisting arrest conviction is reversed. We further find that Appellant's fourth assignment of error, predicated upon the manifest weight of the evidence is moot.

## ASSIGNMENT OF ERROR NO. 5

**ASSUMING, *ARGUENDO*, THAT THE CONVICTIONS FOR FELOIOUS ASSAULT AND RESISTING ARREST WERE NOT BASED ON INSUFFICIENT EVIDENCE AND/OR AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, THE SAME SHOULD HAVE MERGED, AND THE FAILURE OF THE TRIAL COURT TO DO SO WAS PLAIN ERROR.**

{¶59} Having concluded that there was insufficient evidence to sustain Appellant's felonious assault and resisting arrest convictions, we find that Appellant's fifth assignment of error is moot.

## ASSIGNMENT OF ERROR NO. 6

**THE CONVICTION FOR OBSTRUCTING OFFICIAL BUSINESS WAS BASED ON INSUFFICIENT EVIDENCE.**

Case No. 19 MA 0039

## ASSIGNMENT OF ERROR NO. 7

## THE CONVICTION FOR OBSTRUCTING OFFICIAL BUSINESS WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶60} R.C. 2921.31, captioned "Obstructing official business," reads, in its entirety:

(A) No person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within the public official's official capacity, shall do any act that hampers or impedes a public official in the performance of the public official's lawful duties.

{¶61} Appellant contends that his conviction for obstructing official business cannot be predicated upon his failure to comply with Patrolman Caughey's orders. He writes, "there was no bill of particulars filed in this case, and the jury instructions and closing arguments do little to shine a light on what exactly the state alleged that Appellant did to 'obstruct.'" (Appellant's Brf., p. 13.) To the contrary, the state argued in closing that Appellant's attempt to exit the minivan and flee on foot provided the basis for the obstructing official business charge. (Trial Tr., p. 177-178.)

{¶62} We have recognized that a suspect subject to a lawful stop pursuant to *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), who flees can be seen as obstructing an investigation. *State v. Albright*, 7th Dist. Mahoning No. 14 MA 0165, 2016-Ohio-7037, ¶ 39. We have likewise recognized that a suspect who flees or otherwise impedes the completion of an officer's lawful duties, even after committing a minor non-arrestable offense, can be convicted for obstructing official business. *State v. Hasley*, 7th Dist. Mahoning No. 03 MA 215, 2004-Ohio-7065, ¶ 59.

{¶63} Accordingly, we find that there was sufficient evidence to overrule Appellant's Rule 29 motion on the obstructing official business charge, and that the jury did not lose its way in finding Appellant guilty of obstructing official business. For the forgoing reasons, we find that Appellant's sixth and seventh assignments of error are not well taken.

Case No. 19 MA 0039

## CONCLUSION

{¶64} In summary, Appellant's convictions for felonious assault and resisting arrest are reversed, and his conviction for obstructing official business is affirmed. This matter is remanded to the trial court for the limited purpose of vacating Appellant's felonious assault and resisting arrest convictions, and for a resentencing hearing on Appellant's conviction for obstructing official business.


Donofrio, J., concurs.

Robb, J., concurs.

Case No. 19 MA 0039

_____

For the reasons stated in the Opinion rendered herein, Appellant's convictions for felonious assault and resisting arrest are reversed and his conviction for obstructing official business is affirmed. This matter is hereby remanded to the Court of Common Pleas of Mahoning County, Ohio for vacating and resentencing purposes. Costs to be waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**